CHARLIE WILLIAMS V. THE STATE.

No. 608.   Decided May 18, 1910.

**1.—Seduction—Charge of Court—Alibi.**

Where there was no testimony, upon trial of seduction, that the female seduced had anything to do with any other man than the defendant, and did not preclude the idea that the defendant was the father of the children to whom prosecutrix gave birth, there was no error in the court's failure to charge on alibi.

**2.—Same—Accomplice—Corroboration.**

Where, upon trial of seduction, it was admitted that the prosecutrix was corroborated on the questions of promise of marriage and sexual intercourse, it was not necessary that she should have also been corroborated as to her age.

3.—Same—Evidence—Practice—Discretion of Court—Witness under Rule.

Upon trial of seduction, where the State placed a witness upon the stand after the argument had begun, by whom it proved that the defendant was absent from witness' place at different times and about the time the alleged seduction took place, and th edefendant thereupon offered to show where he was at said time, which the court refused because the witnesses he offered had not been placed under the rule which the defendant had invoked, there was no error, no abuse of discretion having been shown.

Appeal from the District Court of Delta. Tried below before the Honorable R. L. Porter.

Appeal from a conviction of seduction; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Lane & Ratliff,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for seduction, the appellant's punishment being assessed at four years confinement in the State penitentiary.

Appellant in his motion for new trial makes no complaint of the charge of the court as given. It is unnecessary to set out the statement of facts as contained in the record. Suffice it to say that the testimony shows that the appellant in this case had sexual intercourse with the prosecutrix Lizzie Wall; that this intercourse commenced about the middle of January, 1909, and continued up until April, 1909; that the prosecutrix gave birth to twin babies on August 29, 1909. The doctor testified that these were what is known as six and one-half or seven months' babies; that the finger nails of the babies were not fully grown. The prosecutrix testified that she was engaged to the defendant; that she submitted to him because of said engagement and her love for him. The defendant took the stand and admitted that he had the intercourse with her. Mrs. Wall, the grandmother of the prosecutrix, testified that during the first part of the year 1909, or the latter part of 1908, the appellant told her that he and Lizzie were going to get married; that he would frequently call Mrs. Wall grandma. The prosecutrix further testified that appellant, on Christmas Day, 1908, attempted to have intercourse with her but did not succeed; she stated that they went down the railroad two hundred or three hundred yards from the house in the daytime and that in about two weeks, appellant returned and took her to this same place and there he succeeded. The appellant testified that during the month of Demember, 1908, he went to see Lizzie Wall; that he was there to see her on Christmas Day. He says he did not see her any more until February 20, 1909; that he went to work for Mr. Thomas McCrary on January 5th and continued to work for him until about

the first of February; that he was at his house all the time and during this period of time did not visit Lizzie Wall and did not leave Mc-Crary's place. He says that on the 20th day of February he went to see Lizzie Wall and had intercourse with her; that he carried her from her father's house and went down on the railroad a short dis-stance from the house and had intercourse with her, and that he had intercourse with her again on March 1st and that he had frequent in-tercourse with her after that time. The doctor testified that when he went to examine these children at the time of their birth their finger nails were about half grown and that this was an infallible sign of six and one-half or seven months' babies; that about fifty percent of children who are born before the full nine months' period die; that one of these children died about eighteen days after its birth.

The appellant contends in his motion for new trial that the court below erred in not submitting the issue of alibi because of his testi-mony that he did not see the prosecutrix from the first of January until some time in February. In view of the testimony in the case, we do not think the court was in error in not submitting the issue of alibi. There is not a suspicion suggested in the record or by the statement of facts filed that this girl had anything to do with any other man than the defendant. Defendant's own admissions of inter-course, even if we put it in the middle of February, about the time he states he had intercourse with her, would make these children six and one-half months' babies and would not preclude the idea that the appellant was the father of the children.

It is also contended that there is not sufficient corroboration in the case. It is admitted that the prosecutrix was corroborated on the question of promise of marriage and intercourse. She testified that she was 18 years of age. It is insisted before this court that because there was no testimony corroborating her upon this point, therefore the conviction can not stand. We do not agree to this contention. All crimes have in them different issues and different elements that are required to be proved in order to sustain a con-viction. The statute is general that the accomplice must be corrob-orated by other testimony tending to connect the defendant with the commission of the offense. The statute does not say in what this cor-roboration shall consist. If the testimony other than that of the ac-complice should make out a complete offense it would not be neces-sary to use the accomplice's testimony. Hence the law has wisely provided that the corroboration must tend to connect the defendant with the commission of the offense, and to require that every consti-tuent element of the offense as sworn to by the accomplice must be corroborated, would be requiring of the State an impossibility. We therefore hold that this contention of appellant is without merit.

We find in the record a bill of exceptions to the action of the court

in refusing to allow the defendant to place his father and brother upon the stand to prove by them where he was when he was not at the house of the witness McCrary. McCrary had testified that the defendant was at his place and began working for him on the 6th day of January, 1909, and that after being there two or three ·days he left and was gone about four days, and that he returned and stayed until the latter part of January, when he left a second time and was gone a few days, when he again came back and worked a few days until the first of February. That he thinks the appellant left his · house on February 1, 1909. The record does not show how far Mc-Crary lived from prosecutrix. Now the defendant had testified when upon the stand, that he had been at McCrary's all of the time during the month of January; McCrary did not reach the court to testify until after the State had made the opening argument and two speeches for the defendant had been made. McCrary was then placed upon the stand and when his testimony disclosed the absence of the defendant on two different times for a period of three or four days during the month of January, then the defendant offered to place upon the stand his father and brother to prove by them where he was when he was away from McCrary's. The court refused to allow this testimony, first, because the defendant had invoked the rule and the father and brother of the defendant had been in the courthouse all during the trial; they had heard the defendant testify that he was at McCrary's all the time during the month of January, and then when the State produced the witness McCrary who showed defendant's absence during part of that time, the court did not think it fair to the State to allow these witnesses to come up and try to disclose the whereabouts of the appellant while away from McCrary's. They knew this fact as well before McCrary testified as when he testified. They had heard the defendant testify in the case. This matter was addressed to the sound discretion of the court and we are of opinion that no abuse of discretion is shown by the record in this case, and that the appellant is in no condition to complain.

No errors appearing in the record, the judgment is affirmed.

*Affirmed.*