Ben C. Richards v. The State.

No. 12727. Delivered February 12, 1930.
Rehearing denied June 26, 1930.
Reported in 29 S. W. (2d) 367.

The opinion states the case.

*Tipps & Puckitt* and *Baskett & De Lee,* all of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

On the question of the insufficiency of the indictment, appellant cites Bishop's Crim. Proc., 3rd Ed. Vol. 1, paragraphs 489–492; Edgerton v. State, 70 S. W. 90; Hardeman v. State, 16 Tex. Ct. App. 1; Pisano v. State, 34 Tex. Crim. Rep. 63; Cain v. State, 18 Tex. 392.

On the proposition as to it being error to submit to the jury the question of forgery by making a false instrument and charging a forgery by fraudulent alternating a genuine instrument, appellant cites Johnson v. State, 40 Tex. Crim. Rep. 605.

On the question as to whether an instrument that is in violation of the law and upon which a civil suit could not be maintained is the subject of forgery, appellant cites Scott v. State, 40 Tex. Crim. Rep. 107, 48 S. W. 523; Lee Webb v. State, 47 Tex. Crim. Rep. 306; Anderson v. State, 20 Tex. Crim. Rep. 595.

On the question of the sufficiency of the indictment State's Attorney cites Art. 979, P. C., Art. 984, P. C., Miller v. State, 34 S. W. 267.

*Reporter.*

CHRISTIAN, JUDGE.—The offense is forgery; the punishment confinement in the penitentiary for three years.

Appellant and W. T. Ramsey entered into a wager upon the outcome of the senatorial race for the Democratic nomination. Appellant placed the money of Morris Mayfield on Earle B. Mayfield, and Ramsey placed his money on Tom Connally. Each party bet one thousand dollars, one O. L. Matthews being the stakeholder. Matthews was an employee of the Republic National Bank of Dallas. The money was placed in the form of two cashier's checks issued by the Republic Bank and payable to O. L. Matthews. It was agreed that the money was to be paid to the winner on Saturday after the election, and that appellant and Ramsey were to be present when the money was paid to the winner. A. A. Crabb, an accomplice witness, testified that he went to Waco at the instance of appellant and sent a telegram to appellant at Dallas, purporting to be from W. T. Ramsey; that he signed the name "W. Tom Ramsey" to the telegram; that he stated in the telegram that he had been called to South Texas and that Clyde R. Vest was authorized to receive the money he had bet on the election. He further testified that he sent another telegram signed "W. Tom Ramsey" to O. L. Matthews, the stakeholder, in which he advised him to deliver the checks to Clyde R. Vest; that he also prepared a letter of authority to O. L. Matthews purporting to be from W. Tom Ramsey, upon which letter he placed a notary seal he had borrowed for the purpose; that the bet having been won by Ramsey, he (Crabb) returned to Dallas at the instance of appellant, went to the Republic Bank and posed as Clyde R. Vest; that appellant identified him in the presence of O. L. Matthews as Vest; and that in the presence and at the instigation of appellant, he signed the name "Clyde R. Vest" as an indorsement on the checks left with Matthews, thereby obtaining the money, which he delivered to appellant. The checks were indorsed by placing on the back "Pay to the order of Clyde R. Vest,"

and Vest and appellant indorsed them. Immediately thereafter Matthews, the payee, indorsed them and they were cashed.

Testifying in his own behalf, appellant admitted that he made the election bet, but denied that he had anything to do with any of the transactions testified to by Crabb with respect to getting Crabb to send telegrams and pose as Vest. He testified that he received a telegram to pay the money to Vest, and that thereafter a man by the name of Vest came to him with a letter of authority. He said that he indorsed the checks by reason of the letter of authority Vest presented.

We deem it unnecessary to detail the facts and circumstances corroborating the testimony of the accomplice. We are of the opinion that the evidence is sufficient to support the conviction.

Appellant presented his motion to quash the indictment. After verdict he filed his motion in arrest of judgment. In the first place it is averred that the count under which appellant was convicted contains inconsistent allegations in that it is charged therein that appellant and A. A. Crabb made a false instrument in writing in contemplation of Art. 979, P. C., and also that they committed the offense of forgery by alteration as defined in Art. 984, P. C. In the second place, it is contended that there is repugnancy in that it is alleged, first, that appellant and Crabb indorsed the name "Clyde R. Vest" on the back of a genuine instrument in writing, and that, in the same count it is averred that said instrument in writing came into the possession of appellant and Crabb with the name "Clyde R. Vest" indorsed thereon.

Considering the first proposition, it is observed that it is alleged in the purport clause of the count under which appellant was convicted that appellant and Crabb "did then and there without lawful authority, and with intent to injure and defraud, wilfully and fraudulently make a false instrument in writing, purporting to be the act of another, to-wit: the act of 'Clyde R. Vest.'" This allegation is followed by averments that appellant and Crabb indorsed the name of Clyde R. Vest next above the name of Ben C. Richards on the back of the genuine instrument in writing already in existence. The check upon which the indorsement is alleged to have been placed is then set forth. From this point, omitting the formal conclusion, the indictment reads as follows:

"—which said genuine instrument in writing then and there came into the possession of Ben C. Richards and the said A. A. Crabb, and had written on the back thereof the following:

Pay to the order of Clyde R. Vest.
O. L. Matthews
Clyde R. Vest
Ben C. Richards

all of which writing and indorsements on the back of said genuine instrument in writing are genuine save and except the name of Clyde R. Vest, which is in writing on the back of said instrument in writing next above the name Ben C. Richards, and which said name Clyde R. Vest was then and there falsely, wilfully and fraudulently and without lawful authority, written on the back of said genuine instrument in writing by the said Ben C. Richards, Jr., and the said A. A. Crabb, and which said indorsement of said name Clyde R. Vest on the back thereof by the said Ben C. Richards, Jr. and the said A. A. Crabb, as aforesaid, would, if the same had been true and genuine, have transferred said genuine instrument in writing, and would have enabled the said Ben C. Richards, Jr., and the said A. A. Crabb to cash said instrument in writing and to collect the sum of one thousand dollars therefor."

The gravamen of the offense was not the writing and making of the instrument described in the indictment, but the indorsement on the back thereof of the name "Clyde R. Vest." Miller v. State, 34 S. W. 267. This is the question: Is the averment that appellant and Crabb made a false instrument in writing inconsistent with the allegation that they indorsed the name "Clyde R. Vest" on the back of an instrument in writing already in existence? It is not alleged that appellant and Crabb made the instrument described in the indictment. On the contrary, it is averred that such instrument was a genuine instrument in writing already in existence, and that the forgery was accomplished by indorsing the name "Clyde R. Vest" on the back thereof. The exact manner in which the forgery was accomplished is set out making it plain that the action of indorsing the name "Clyde R. Vest" on the instrument described in the indictment was charged to constitute the forgery. The allegations are not deemed inconsistent, it being apparent from the face of the indictment that the averment that a "false instrument in writing was made" refers to the indorsement on the back of the instrument and not to the instrument itself. See Miller v. State, supra; Strang v. State, 22 S. W. 680.

Touching the second question, it is alleged in the indictment that the genuine instrument in writing therein described came into the

possession of appellant and Crabb "and had written on the back thereof the following:

Pay to the order of Clyde R. Vest
C. L. Matthews
Clyde R. Vest
Ben C. Richards."

Appellant contends that the foregoing averment means that the name of Vest was already indorsed on the instrument when it came into the possession of Crabb and appellant, and that therefore the allegation in another part of the indictment to the effect that appellant and Crabb indorsed said name on the instrument directly contradicts the averment mentioned. It is not clear that the averment necessarily means that the indorsements were on the check when it came into the possession of appellant and Crabb. Be that as it may, we think that it is ascertainable from the face of the indictment that appellant and Crabb were charged with indorsing the name "Clyde R. Vest" on the instrument in question. Touching the doctrine of repugnancy, we quote from Branch's Annotated Penal Code of Texas, Section 505, as follows:

"If any count in an indictment contains inconsistent allegations, both of which cannot be true, and there is no means of ascertaining from the face of the indictment which is meant, the indictment is bad for repugnancy."

The text is supported by many authorities, among them being Edgerton v. State, 70 S. W. 90; Hickman v. State, 72 S. W. 587.

In this charge the court gave the definition of forgery found in Art. 979, P. C. Following this definition all the constituent elements of the crime of forgery were submitted. In applying the law to the facts the charge plainly submitted to the jury the constituent elements of forgery by alteration. Appellant objected to the charge on the ground that the court generally defined forgery without defining the offense of forgery by alteration as found in Art. 984, P. C. It is true that Art. 984, supra, was not copied in the charge. The constituent elements of the offense are embodied therein. The jury could not, in our opinion, have been misled. We deem the charge sufficient. Adkins v. State, 56 S. W. 63. Under the provisions of Art. 666, C. C. P., we are not permitted to order reversals for an error in the charge, unless such error was calculated to injure the rights of the appellant.

Appellant excepted to the charge of the court on accomplice testimony on the ground that it authorized a conviction on less

conclusive testimony than the law required. The learned trial judge gave the charge in the form as laid down in Campbell v. State, 57 Tex. Cr. R. 301, 123 S. W. 583, which has been questioned in some cases. It is observed that the testimony of the accomplice made out a complete case against appellant, if true. There was other evidence in the record in our opinion, aside from the testimony of the accomplice, tending to connect appellant with the forgery. In this condition of the record, the giving of the charge would not call for a reversal. Morse v. State, 293 S. W. 568; Watson v. State, 237 S. W. 298; Abbott v. State, 250 S. W. 188; Spears v. State, 277. S. W. 142.

Appellant takes the position that he could not be guilty of the offense of forgery because of the fact that the instrument alleged to have been forged was put up as a part of a gambling transaction and was therefore void. This contention cannot be sustained. The instrument was on its face good and valid for the purpose for which it was created. We understand the rule to be that an instrument valid on its face may be the subject of forgery, though collateral or extrinsic facts may exist that would render it absolutely void. King v. State, 57 S. W. 840. We quote from Tracy v. State, 90 S. W. 308 as follows:

"It does not follow in any event because an instrument would not form the basis of a civil proceeding or the predicate for a judgment in civil action, therefore the instrument would not be the subject of forgery. It is too well settled for discussion that the forgery of a fictitious name would form the basis of a conviction for forgery, yet it might not form the basis of a civil judgment. If the instrument by its tenor is as the law books say, 'a complete and valid instrument upon its face,' then it is the subject of forgery. * * * So, if the instrument is void on its face, it cannot be subject to forgery, but otherwise if valid on its face, though invalid as a matter of fact or under proof."

See also Jones v. State, 130 S. W. 1012; Dreeben v. State, 162 S. W. 501; Carrell v. State, 184 S. W. 217.

Bill of exception No. 18 presents the following occurrence: Appellant's witness Hilliard Bright, testified at the instance of appellant that he met A. A. Crabb in Laredo, Texas, shortly after the offense was committed and had a conversation with him relative to Crabb's connection with the forgery. He testified that Crabb told him that he was the "Clyde R. Vest" whose name appeared on the forged instrument. He further detailed what Crabb

told him concerning the transaction out of which the forgery grew. He said that Crabb told him that appellant had nothing to do with getting the money on the forged check. This testimony was given for the purpose of impeaching Crabb as a witness for the state. Upon cross-examination of the witness, the state elicited from him that in the same conversation he stated to Crabb that he believed he was telling his story for the purpose of protecting appellant, and that it was his opinion that appellant was guilty. Appellant objected to this testimony on the ground that it was hearsay. The court qualifies the bill of exception with the statement that the testimony complained of was a part of the identical conversation that appellant had brought out on direct examination. As qualified, the bill of exception fails to manifest error. The conversation having been adverted to by appellant in the first instance, all of the conversation upon the same subject became admissible under Art. 728, C. C. P. Broussard v. State, 271 S. W. 385.

The record contains many bills of exception. We have not undertaken to discuss all questions presented, but have made a careful examination of every contention made by appellant. We fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—There is no doubt in our minds as to the sufficiency of the indictment. It pertinently and positively alleged the forgery of the name of Clyde R. Vest on the back of a genuine check to make it appear as an endorsement thereon. Omitting the formal parts the indictment charges that appellant and A. A. Crabb did—

"* * * without lawful authority and with intent to injure and defraud, wilfully and fraudulently make a false instrument in writing, purporting to be the act of another, to-wit, the act of Clyde R. Vest, by then and there endorsing the name Clyde R. Vest, next above the name Ben C. Richards on the back of a genuine instrument in writing, then and there, already in existence, said genuine instrument in writing being to the tenor following. * * *"
(Here is set out the instrument which is a cashier's check payable

to O. L. Matthews for $1000.00.)    It is then averred that this genuine instrument in writing came into the possession of Ben C. Richards and A. A. Crabb, and as declared on by the state, had written on the back thereof "Pay to the order of Clyde R. Vest, signed O. L. Matthews, Clyde R. Vest, Ben C. Richards," then proceeds as follows:

"*   *   *   All of which writing and endorsements on the back of said genuine instrument in writing are genuine save and except the name Clyde R. Vest   *   *   *   and which said name Clyde R. Vest was then and there falsely, wilfully and fraudulently, and without lawful authority, written on the back of said genuine instrument in writing, by said Ben C. Richards, Jr., and said A. A. Crabb, and which said endorsement of said name Clyde R. Vest on the back thereof by the same Ben C. Richards, Jr., and the said A. A. Crabb, as aforesaid, would, if the same had been true and genuine, have transferred said genuine instrument in writing, and would have enabled the said Ben C. Richards, Jr., and the said A. A. Crabb to cash said instrument in writing and to collect the sum of One Thousand Dollars therefor."

With the necessary change in language to meet the facts the indictment in question followed almost verbatim the one in Miller v. State, 34 S. W. 267.    Regarding the requirements of an indictment when it is sought to allege the forgery of an endorsement it is in compliance with the principle announced in Section 410, page 1472, Bishop's New Crim. Proc., Vol. 3 (2d Ed.); Commonwealth v. Spillman, 124 Mass. 327; McBride v. State, 93 Tex. Cr. R. 257, 246 S. W. 394; see also Strang v. State, 38 Tex. Cr. R. 219, 22 S. W. 680; Carter v. State, 55 Tex. Cr. R. 43, 114 S. W. 839.

Appellant also insists that this court was in error in disposing of his bill of exception number eighteen which complains that Hilliard Brite was permitted over objection of appellant to testify in response to the cross-examination by the district attorney that witness told A. A. Crabb in a conversation he had with him in Laredo that he (witness) believed that Ben Richards was a guilty man.    We do not discuss the point further than to call attention to what was developed by appellant himself from the witness Brite on direct-examination.    He testified in response to appellant's own questions that when he saw Crabb in Laredo he called him by that name.    Brite's testimony follows:

"He says, 'Don't call me Crabb, he says, I am going by the name of A. Camp down here.' He said, 'I am down here on a little secret work for the Odd Fellows.' I said, 'Secret work for the Odd Fellows? It is Ben Richards,' and he says, 'Why did you say Ben Richards?' and I says, 'Well, I just had an idea from what the paper said that maybe you were dodging down here for Ben Richards.' "

At this point Crabb asked Brite to go to his room and the conversation between them continued as follows:

"He (Crabb) says, 'I guess you know what it is all about,' and I says, 'No, only what I read in the paper yesterday, Mr. Crabb, it looks like they are after you and Ben Richards,' and he says, 'Yes, that is what I want you up here for. I want to tell you the story *and see what you* think about it,' he says."

Then follows what Crabb related to Brite in the conversation and then the witness Brite testified:

"I thought in a way he was telling the truth, but still I thought it was just like I figured, I met him, he was down there in behalf of Ben. That is what was in my mind. I read it in the newspapers the day before at Encinal."

Thus by strong inference at least appellant himself developed Brite's opinion in regard to appellant's connection with the matter under investigation. Under the circumstances what witness said in reply to the district attorney's question would not be sufficient upon which to base a reversal even if it was erroneously received, which is not conceded.

In his motion for rehearing appellant reiterates the same matters presented originally. It is not thought necessary to write further in regard to those which were discussed in the original opinion. It is still believed the questions not discussed present no error nor call for detailed consideration or discussion.

The motion for rehearing is overruled.

*Overruled.*