SYLVESTER SHAFFER v. THE STATE.

No. 14805. Delivered January 27, 1932.
Rehearing Denied June 15, 1932.
Second Rehearing Denied October 12, 1932.
Reported in 52 S. W. (2d) 1054.

The opinion states the case.

*S. W. Pratt,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is forgery; penalty assessed at confinement in the penitentiary for two years.

It is charged in the indictment that the appellant passed to Otha Cannaday, a forged instrument in writing of the tenor following:

"Paris, Texas, 12/20 1930.

"THE FIRST NATIONAL BANK 88-51

of Paris, Texas

"Pay to E. H. Adams, or bearer $18.70

Eighteen and 70/100 Dollars

"J. E. Fuller."

Reed Burton, an accomplice, testified that he, the appellant and Hugh Caperton conspired to write checks, forging the name of Dr. J. E. Fuller; that the appellant wrote three checks and signed Fuller's name to them. One check was for $14.80 which the witness undertook to pass, but was arrested and confessed. The appellant took the check for $18.70 which he had written and cashed it before an attempt was made by Burton. Learning from the appellant of his success, Burton assumed that he could do likewise. Fuller declared that he did not make the check.

The testimony of Cannaday and Fuller is sufficient corroboration of that of the accomplice Burton.

The court properly refused to instruct a verdict of acquital.

The finding of the jury rejecting the appellant's plea of insanity is supported by the evidence.

The indictment was filed January 8, 1931. The trial began on April 27, 1931. The case was first set for trial on April 20th, 1931. The court began on the 5th of March, 1931.

The first application for a continuance was to secure the testimony of Hugh Caperton, a resident of Delta county, Texas, and Austin Craven, a resident of Lamar county, Texas. The subpoena for Caperton was issued "at the very earliest time after said cause was set down for trial in this court for April 20, 1931." Service upon Caperton was not obtained, according to the averments, because he was temporarily in Oklahoma. The appellant was arrested on the 8th day of January, 1931. Diligence to secure the attendance of the witness was not shown by the averments. Had a subpoena been issued within a reasonable time after the arrest, service upon the witness might have been had. Caperton did not appear upon the 20th of April. The motion is silent touching the date that he left for Oklahoma. It seems that no subpoena for Austin Craven was issued until the 14th day of April, 1931. This was not diligence, and for want of diligence, both as to Caperton and Craven, the court, in overruling the first application for a continuance, was within the law. The case seems to have been postponed from the 20th to the 27th of April, and on the latter date, a second application for a continuance was made

because of the absence of Caperton. It appears that a subpoena for him was first issued on the 14th day of April, 1931, and sent to the sheriff of Delta county. As stated above, the appellant had been arrested since the 8th day of January. No sufficient reason is given for not having issued a subpoena for Caperton at an earlier date.

Attached to the motion for new trial is the affidavit of Austin Craven to the effect that he had promised the brother of the appellant to be present at the trial; that he had lived in Delta county prior to moving to Lamar county on January 1, 1931; that he knew the dates of the meeting of the court in Delta county and had been informed that the criminal court of Lamar county would meet on the same date; and believing that the term of court would not meet until June, he left Lamar county on April 6, 1931, and went to the oil fields. He later went to San Angelo and arrived at Cooper, Texas, on the 29th of April, 1931, when he learned that Sylvester Schaffer's case had been tried on the 27th of April in Lamar county. It is obvious from the record that no diligence was shown to secure the testimony of Craven. No subpoena was issued for him until the 14th day of April, 1931, and no legal reason is given for not using diligence to secure his attendance. In overruling the second motion for a continuance, the court committed no error. See Vernon's Ann. Tex. C. C. P., 1925, vol. 1, p. 420, article 543, and cases collated.

The judgment is affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant insists that we were in error in holding that the accomplice witness Burton was sufficiently corroborated. Burton testified that he, Hugh Caperton and appellant were desirous of obtaining some money for the Christmas holidays; that the three of them decided to write some checks purporting to be executed by Dr. J. E. Fuller; that pursuant to their agreement appellant wrote three checks and signed J. E. Fuller's name to them; that appellant stated to him (the witness) that he cashed his check at Montgomery-Ward's, where he bought a wrist watch; that he (the witness) attempted to cash one of the checks and was apprehended. Aside from the testimony of the accomplice witness Burton, the proof introduced by the state was, in substance, as follows: Appellant took a check for $18.70 purporting to be signed by J. E. Fuller to Montgomery-Ward and Company, where he purchased a writ watch for $9.98. He delivered the check in the sum stated to Montgomery-Ward and Company, and received the difference between the price of the wrist watch and the amount of the check in money. The check was made payable to E. H. Adams. Appellant, before delivering the check to Montgomery-Ward and Company, indorsed thereon the name E. H. Adams. Appellant was positively identified as being the man who

delivered the check to Montgomery-Ward and Company on the occasion in question. Dr. J. E. Fuller did not execute the check, and authorized no one to sign it. He had no account in the bank upon which the check was drawn.

The opinion is expressed that the accomplice witness was sufficiently corroborated. The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be other evidence tending to connect the accused with th offense committed. Article 718, C. C. P.; Minor v. State, 108 Texas Crim. Rep., 1, 299 S. W., 422. Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, would be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supplies the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense the law is satisfied. Minor v. State, supra. That a forgery had been committed was clearly established by the testimony of non-accomplice witnesses. That appellant presented the forged check to Montgomery-Ward and Company and indorsed thereon a name that did not belong to him was also established by the testimony of non-accomplice witnesses.

We are constrained to hold that the record before us discloses that no diligence was used by appellant to secure the testimony of the witness Craven. The burden was upon appellant to establish the exercise of diligence in support of his application for continuance. Branch Annotated Penal Code, sec. 314; Grimes v. State, 77 Texas Crim. Rep., 319, 178 S. W., 523.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant requests leave to file second motion for rehearing. No new questions are presented. It is simply again urged that the accomplice witness was not sufficiently corroborated. The evidence of Canady, the party to whom the check was passed by appellant, and the evidence of Dr. Fuller would have supported the conviction in

the absence of the testimony of the accomplice. Under such circumstances we can see no ground for appellant's further contention.

The request for leave to file second motion for rehearing is denied.

*Denied.*