LEOPOLDO ORTIZ V. THE STATE.

No. 15294. Delivered June 1, 1932.
Rehearing Denied June 22, 1932.
Further Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 58.

The opinion states the case.

*John T. Spann,* of Crystal City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for murder; punishment, five years in the penitentiary.

This record is a peculiar condition. The case went to trial on November 16, 1931. The charge of the court and requested charges were filed November 18th, on which date also the verdict was returned. The motion for new trial was filed November 20th, and on the same day overruled, and sixty days granted appellant for filing his bills of exception and statement of facts. This time would have ended January 19, 1932. On this date, however, the court granted an extension of time to February 19th, which would have been one day beyond the full ninety days allowed by the terms of article 760, subd. 5, C. C. P., for filing bills of exception and statement of facts. Manifestly, the trial court has no power to grant longer than ninety days after the overruling of the motion for new trial and the giving of notice of appeal. Appellant's request for this latter extension recites specifically that he had, up to then, been unable to prepare his bills of exception because he had not gotten a transcript of the testimony. Notwithstanding the above, the court on February 16, 1932, attempted to grant appellant ten days additional from and after February 19th, in which to file statement of facts and bills of exception. This was a matter ultra vires, and such attempt could convey no right to have considered such documents when filed after the ninety days allowed by statute.

Notwithstanding the facts recited and dates shown as above set out, we find in this transcript eight bills of exception, each certified by the clerk of the trial court as having been filed herein on November 16, 1931,

or four days before the conclusion of the trial in the district court, and nearly ninety days prior to the date when appellant, in an application for extension, set up that he had not yet prepared any bills of exception. It becomes a matter of some gravity when the clerk of a court violates the terms of articles 358-359, P. C., but we are persuaded that the certificate of said clerk was so affixed through mistake or lack of information. Clerks of trial courts are without power to antedate or attempt to file back bills of exception, even though ordered so to do by trial courts, which latter does not appear in the instant case. We cannot consider said bills of exception. Nor can we consider the statement of facts herein which should have been filed prior to February 18, 1932, but shows to have been filed on February 29, 1932. The fundamental matters of procedure appear to be regular.

No error being shown, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In view of the affidavit explaining the delay in filing the statement of facts, we have concluded to consider the statement.

That there was an altercation in which the appellant, Leopoldo Ortiz, and the deceased, Luis Reyes, were participants is shown without conflict of evidence. It was the appellant's theory that the conflict went but little further than the exchange of words. The testimony from the confession of the appellant, corroborated by that of bystanders, is to the effect that the deceased was stabbed by the appellant. Touching the immediate incidents of the transaction and the voluntary nature of the confession, there is some conflict of evidence. That the wound received by Reyes at the time of the altercation resulted in his death within a short time is not controverted. It follows from what has been said that the evidence is such as to support the verdict of the jury finding the appellant guilty.

A number of bills of exception are found in the record, but in some unexplained manner they appear to have been filed two days before the trial began. The verdict was returned on the 18th day of November, 1931. The bills bear the file mark of the 16th of November. From other parts of the record, there appear several requests for an extension of the time within which to prepare and file bills of exception and statement of facts. On the 20th of November, there was an allowance of sixty days within which to file the bills of exception and statement of facts. On the 19th of February, 1932, there was an extension of time, and another extension of time on the 20th of January, 1932. In the condition of the record, this court would not be authorized to reverse the case because of any matter pointed out in the bills of exception which did

not otherwise appear from the record. However, we have examined each of the bills of exception and are convinced that, even if they might be considered, they present no error which would justify this court in reversing the judgment.

No exception to the court's charge is brought forward for review.

There was raised upon the hearing of the motion for new trial an issue of fact touching the alleged remark made by one of the jurors to the effect that the appellant was a bootlegger. The evidence was conflicting upon that subject, and the finding of the trial judge is conclusive upon this court. See Scrivnor v. State (No. 14,744) not yet reported, and cases therein collated.

The motion for rehearing is overruled.

*Overruled.*

ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion for rehearing was overruled on the 22nd day of June, 1932, and the term of court closed on the 25th day of that month. The second motion for rehearing was filed on June 30, 1932. Therefore this court is without power to consider or grant the second motion for rehearing filed after the term has closed. See Silver v. State, 110 Texas Crim. Rep., 512, 8 S. W. (2d) 144, 9 S. W. (2d) 358, 60 A. L. R., 290. However, the matters presented in the motion have been considered in the original opinion and in the motion for rehearing. The bills were not discussed in detail, but were fully considered together with the record. We are constrained to regard the conclusions stated in the original opinion and in the opinion on motion for rehearing as properly disposing of the case.

The application to file a second motion for rehearing is overruled.

*Overruled.*