## T. J. UPDACK v. THE STATE.

No. 18241.   Delivered April 29, 1936.
Rehearing Denied (Without Written Opinion) October 14, 1936.

The opinion states the case.

*Mike E. Smith* and *Dee Estes*, both of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for passing a forged instrument, punishment assessed being two years in the penitentiary.

The second count of the indictment was alone submitted. Omitting the formal parts, it was alleged that the defendant did:

"* * * wilfully, knowingly and fraudulently pass and attempt to pass as true to one P. A. Tillery a certain bank check in writing bearing the false and forged endorsement in writing of Fannie Batteau on the back thereof, which said endorsement had theretofore been made without lawful authority, and with intent to injure and defraud, and which said bank check and forged endorsement was then and there of the tenor as follows, to-wit:

> "Fort Worth, Tex. 9-17-1934      No. 333
> "The Forth Worth National Bank      37-5
> "Pay to Fannie Batteau or order      $7.00
> "Seven and no/100_____dollars

"Illness.      Universal Relief Insurance Co. of Texas.
                    "By Theo S. Boone, V. Pres.
                    "By J. D. Leathers, Treas.
"Claim and loss.
"Endorsed on back: Fannie Batteau
              "T. J. Updack.

and which said endorsement in writing, the said defendant then and there well knowing to be false and forged, said defendant did then and there pass and attempt to pass the said instrument as true, with intent to injure and defraud, * * *"

Appellant by motion to quash claimed: first, that no such facts were alleged as constitute the offense of forgery; second, that it was insufficient because it failed to alleged the name of the person who endorsed the name of Fannie Batteau on the back of said check, and third, that it was too vague, indefinite and uncertain to enable appellant to properly prepare a defense. We have been unable to discover any vice in the indictment. It appears to be drawn under authorities relating to forgery of endorsements. See Landrum v. State, 118 Texas Crim. Rep., 132, 42 S. W. (2d) 1026; Cochran v. State, 115 Texas Crim. Rep., 201, 30 S. W. (2d) 316; Richards v. State, 116 Texas Crim. Rep., 100, 29 S. W. (2d) 367. Appellant cites in support of his contention that the indictment was insufficient Bagley v. State, 63 Texas Crim. Rep., 606, 141 S. W., 107, and Carroll v. State, 184 S. W., 190. It has been held that if the alleged instrument would not sustain a prosecution for forgery it can not lawfully form the basis for passing or attempting to pass the same, and in such instances it is sometimes necessary in prosecutions for forgery or passing forged instruments, to make such innuendo averments in the indictment as will show the instrument in question to have been the subject of forgery. This, however, is not true if the alleged forged instrument is ordinary commercial paper such as a bank check, as in the present instance. No innuendo averments were necessary. The averment that the name of Fannie Batteau was forged, that appellant knew it, and with such knowledge attempted to pass the same as true, is sufficient. We are not aware of any case holding that under the circumstances here presented the State is required to allege or prove who the party was who affixed the forged endorsement to the instrument.

P. A. Tillery was a teller at the Fort Worth National Bank of Fort Worth, which carried an account for the Universial Relief Insurance Company of Texas. Appellant was an agent of such company. Appellant presented to Mr. Tillery the check

in question for payment, and was asked by Tillery if the endorsement on the back of the check was Fannie Batteau's signature or if appellant saw her put it on the check, to which appellant answered in the affirmative. The check was then cashed and the money paid to appellant. It was shown that Fannie Batteau at one time had a policy in the insurance company in question, but had let it lapse for non-payment of dues, and that she had no claim whatever against the company for seven dollars, or any other amount. She testified that she had no knowledge of the check in question and had never seen it until inquiry was made of her regarding the same by the officers; that she had not endorsed the same and that her name written on the back of the check was not her signature and was not written with her knowledge or authority.

We find in the record thirteen bills of exception. Bill number one reserves complaint at the action of the court in declining to sustain appellant's motion to quash the indictment. This question has already been disposed of and does not call for further discussion.

Bills three and four complain at the action of the court in allowing the introduction of the check in evidence over appellant's objection. The objection found in bill of exception number three was that it had not been shown that the payee of said check had a pecuniary benefit therein, and in bill of exception number four the objection was that it had not been shown that appellant forged the endorsement of Fannie Batteau on the back of said check. Neither of the objections are good under the facts presented in the record, and the court properly received the check in evidence.

Bill number ten complains at the refusal of the court to instruct a verdict of not guilty. The court properly refused such instruction. We do not regard it as necessary to discuss the reasons urged by appellant as a basis of his motion for an instructed verdict.

Bill of exception number eleven complains of the refusal of the court to submit a special instruction which would have told the jury that they could not convict appellant unless they believed from the evidence beyond a reasonable doubt that Fannie Batteau had a pecuniary interest in the check, or the proceeds thereof. As we understand the charge it does not present a correct proposition of law, and was properly refused.

Bill of exception number twelve presents complaint at an argument of the district attorney. We observe no vice in the argument under the facts before us.

Bill of exception thirteen simply brings forward an exception to the action of the court in overruling appellant's motion for new trial for all the reasons alleged in said motion. Such a bill brings nothing forward for review. Mier v. State, 120 Texas Crim. Rep., 397, 49 S. W. (2d) 757; Love v. State, 69 S. W. (2d) 142.

Bills of exception numbers two, five, six, seven, eight, and nine, are largely in question and answer form, without any certificate from the trial judge that it was necessary for them to so appear. They might properly be dismissed without consideration for such reason. However, if they be considered no matters are presented which raised any serious question as to the correctness of the court's rulings.

The judgment is affirmed.

*Affirmed.*