THOMAS CURRIE V. E. S. BURGESS ET AL.

No. 7130. Decided November 9, 1938.
Rehearing overruled December 7, 1938.
(120 S. W., 2d Series, 788.)

*Darnell L. Jackson,* of Amarillo, for appellant.

It being shown by the evidence that the vendor Burgess had never parted with the legal, equitable or record title to the property and that the only muniment of title of ownership executed by him was an executory contract to sell same to the vendee Jarmon, who later abandoned the property and turned it back to Burgess, Burgess was the legal owner of same and personally liable for the paving lien against same. Lindsley v. Lewis, 125 Texas 630, 84 S. W. (2d) 994; Yett v. Houston F. D. Co. 41 S. W. (2d) 305; Nalle v. Eaves, 5 S. W. (2d) 500.

*F. A. Cooper,* of Amarillo, for appellee.

Burgess having conveyed the equitable title in the property to Jarmon, his interest in said property from that date to the time that Jarmon abandoned same was not of such nature as to render him personally liable for the cost of the paving, which was constructed during such period, by virtue of valid city ordinance. State Trust Co. v. Morrison, 282 S. W. 214; Leeson v. City of Houston, 243 S. W. 485; Pomeroy Eq. Jur. (4th Ed.) Sec. 368.

MR. JUDGE GERMAN delivered the opinion for the Commission of Appeals, Section B.

The facts certified by the Court of Civil Appeals will be set out in full:

"On April 8th, 1926, appellee Burgess as vendor and Jewell D. Jarmon as vendee entered into the following contract:

" 'That vendee has agreed, and does hereby agree, to purchase from vendor Lot No. Ten (10) in the L. A. Wells Subdivision of Block No. Two Hundred Thirty-five (235) of the Plemons Addition to the town of Amarillo, Potter County, Texas, Amarillo, Texas, as shown by the plat thereof of record in the office of the County Clerk of Potter County, to which reference is here made. In consideration for the conveyance of which, vendee agrees to pay the sum of $25.00 in cash, $75.00 on April 15, 1926 and Fifteen Hundred Fifty and No/100 Dollars ($1550.00) in monthly installments of $25.00 each, due and payable on the 15th day of each month, beginning with May 15, 1926, and continuing until the full amount is paid, as evidenced by a certain installment note for the above mentioned amount, executed by vendee, bearing even date herewith, payable to vendor at Amarillo, Texas, bearing 8 per cent interest from date until paid, such accrued interest to be paid each month out of said monthly payments of $25.00 each, and the remainder of such payments applied on the principal, such note containing the usual attorney's fees and acceleration of maturity clauses.

" 'And vendor agrees that upon payment to him of the sums of one-half money above mentioned as evidenced by said note, he will execute and deliver to vendee at Amarillo, Texas, a good and sufficient deed, granting and conveying to vendee the above described property, such deed to contain a covenant of general warranty.

" 'It is understood and agreed that this contract is not to be assigned or transferred by vendee without the consent in writing of vendor.

" 'In the event of the failure or refusal by vendee or his assigns to pay any installment on the above mentioned note within thirty days after such installment becomes due, or in the event that this contract is not performed by vendee, vendor shall have the right to retain the cash payments made on such note above described as damages, such sums being agreed upon as liquidated damages because of the inconvenience of ascertaining the actual damages, and the uncertainty thereof, and this contract shall be of no further force and effect.

" 'The vendee agrees to keep the premises and improvements on the above described property fully insured for the benefit

of the vendor herein, and to deliver the insurance policy or policies to vendor to be held until the above described note is fully paid, and upon his failure to so insure such property, the vendor shall have the right to insure same at the expense of vendee and the amounts so paid for such insurance shall bear the same rate of interest and be secured in like manner with the above described note; and vendee further agrees to pay all taxes and assessments levied against such property for the year 1926 and all subsequent years until said note is fully paid.

"'Vendor agrees to furnish to vendee an abstract of title to said property upon full payment of said note.'

"Contemporaneously therewith, a note for $1650.00 was executed by Jarmon, payable to Burgess, presumably in compliance with the terms of said contract, and which contained the following stipulation:

"'* * and to secure the payment thereof, an express contract and mechanic's lien is given by said contract upon said lands and improvements.'

"Jarmon moved onto this property with his family almost immediately and continuously occupied same as his homestead until about the 1st of January, 1933, at which time he abandoned same and turned it back to Burgess. No deed was ever delivered to him by Burgess. A paving certificate against this property was issued about April, 1930, under ordinances not here questioned, and became the property of appellant Currie. The street in front of said property was duly paved. A mechanic's lien contract was executed by Jarmon and wife on October 31, 1929, to secure the amount of the indebtedness called for in such paving certificate. On July 18, 1933, appellee Burgess filed suit, his petition being in two counts, the first in trespass to try title and the second upon the aforesaid contract, alleging default, and asking for judgment for his debt and foreclosure of his purchase money and contract lien, as against both Jarmon and Currie.

"Currie filed a lengthy answer containing a cross action in some six counts. The substance of the legal issue raised in said pleadings below and presented here is that Burgess was personally liable, as owner of said property, to appellee for the amount of the indebtedness called for in said paving certificate, and that he had a right to foreclose both his contract and statutory lien as against any claim or right Burgess had in said property.

"Jarmon defaulted, and filed no answer.

"Judgment was for appellee Burgess. The court recites in its judgment:

" '* * * the court further finds that the defendant Thos. Currie is not entitled to recover anything on his cross action against the plaintiff, and that the lien securing plaintiff's said debt is superior to the lien securing the debt owing the defendant Thos. Currie.'

"The language last quoted furnishes in the main the basis for the present controversy."

The questions certified are as follows:

"1. Is Burgess personally liable to Currie, because of the statute imposing in substance such liability in favor of the holder of a paving certificate against the owner of the real estate abutting upon the paving and covered by such certificate?

"2. Is Currie legally entitled as against Burgess to a foreclosure of his statutory paving lien?"

■ We answer the first question in the affirmative. The contract set out is plainly only an executory agreement to convey. It is not a contract of sale. It passed neither the legal nor the equitable title. It does not even recite that the vendor had agreed to sell until one half of the agreed purchase money was paid, at which time he was to execute and deliver a sufficient deed, "granting and conveying" the property to the vendee. It is clear that no equitable title was to vest until half the money was paid, because, in case of default prior to that time, the payments were to be forfeited as liquidated damages, and the contract would be of no force and effect. This appears to have been the practical construction which the parties themselves placed upon the contract, for it is shown that Jarmon finally abandoned the property and turned it back to Burgess; no deed ever having been delivered.

■ By Section 6 of Article 1105-b of Vernon's Annotated Civil Statutes it is provided that an assessment lien for paving shall be first and prior to other liens from the date the improvement is ordered. It is further provided that from that time the assessment shall constitute a personal liability and charge against the *true owners* of the property. At the time the assessment in this instance was made, Burgess was undoubtedly the true owner of the property. The case of Campbell v. Chaney, 125 Texas 201, 82 S. W. (2d) 638, is directly in point in this particular.

Appellee relies principally upon the case of Shambaugh v.

Moore, 54 S. W. (2d) 211. In that case the contract was distinctly different from the one here and was undoubtedly a contract of sale. The case of Ingram v. Central Bithulithic Co., 51 S. W. (2d) 1067, can also be easily distinguished. The contest in that case was between the vendor and the vendee, and both had performed the contract until more than one-half the purchase money had been paid, and the vendee had become entitled to an outright conveyance. Burgess being the true owner, both at the time of the assessment and at the time the lien was sought to be foreclosed, was undoubtedly liable.

We answer the second question in the affirmative. If it could possibly be said that Burgess held a lien against the property in question growing out of this transaction, not having parted with either the legal or equitable title, and the contract having been rescinded by default and a return of the property, nevertheless the statute expressly declares that the paving lien was superior to such lien as he may have had. Claxton v. Brandon, 121 Texas 184, 47 S. W. (2d) 263; Graham v. Letot, 103 S. W. (2d) 1031.

Opinion adopted by the Supreme Court, November 9, 1938.

Rehearing overruled December 7, 1938.