**B. R. SHEFFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 34232.

Court of Criminal Appeals of Texas.

Oct. 3, 1962.

Rehearing Denied Jan. 9, 1963.

Second Rehearing Denied Feb. 13, 1963.

Certiorari Denied Oct. 14, 1963.
See 84 S.Ct. 45.

William B. Martin, Hillsboro, Ben Geeslin, Brady, Douglass D. Hearne, Cofer & Cofer, Austin, for appellant.

Les Procter, Dist. Atty., David S. McAngus, Asst. Atty. Gen., and Leon B. Douglas, State's Atty., Austin, for the State.

## W. T. McDONALD, Judge.

Appellant was convicted of the offense of uttering and passing a forged instrument in writing relating to and affecting title to land. His punishment was assessed at confinement in the penitentiary for a term of six years.

Trial was had in the District Court of Hill County, Texas, after a change of venue from the District Court of Travis County, Texas. The cause was heretofore reversed by this court in Sheffield v. State, 165 Tex. Cr.R. 354, 307 S.W.2d 100, because the evidence was insufficient to show that the notary public taking the acknowledgment to the instrument alleged to be false was a duly qualified notary public, and for other reasons set forth in the opinion.

The statutes, Arts. 1006, 1007, and 1008 of the Vernon's Ann. Penal Code, under which appellant was convicted, were held constitutional in the opinion.

■ Attention being directed to the amendment of Art. 5421m, Vernon's Ann. Civ.St., in 1955, by the addition of Sec. 32 prescribing a penalty for the use of any false, fictitious, or forged instrument in writing in connection with or pertaining to any transaction under the Veterans Land Fund Act, the court gave application to the penalty prescribed in said section, the section being enacted by the legislature subsequent to the date of the offense charged against appellant and prescribing a lesser penalty than that prescribed in Art. 1006, supra.

We find no merit in appellant's contention that in enacting Sec. 32 of Art. 5421m, supra, the legislature repealed Art. 1008, supra. A contrary intention was clearly expressed in Sec. 14 of the later act wherein it was provided that the provisions of the act were to be cumulative of all other laws not in conflict therewith.

■ The record in this case is perhaps one of the longest with which this court has been confronted. It contains some 3,800 pages. After carefully reviewing the entire record, we find that appellant's primary contention is that the evidence is insufficient to support the conviction. It is his contention that the evidence fails to show that the acknowledgment, as set out in the indictment, was "falsely made" by the notary, Doris Sayles, or that it was made with any fraudulent intent.

Briefly summarizing the testimony, it reflects that the appellant had been engaged in what is known as "block deals" under the Veterans Land Program of this state at Brady, Texas. Appellant and L. V. Ruffin secured applications from qualified veterans, paid them $100 each for the rights under the Veterans Land Program, submitted the application to the Veterans Land Office at Austin, Texas, purchasing the land on the sworn application of these various veterans without the veterans appearing before a notary public to swear to the applications pertaining to the acquisition of the land. The conviction in this cause was had on the transaction involving a veteran by the name of Alfonso G. Mireles. Mireles was a veteran living at Brady, Texas. He went to the office of L. V. Ruffin and signed an application. He testified that he did not read it, that he did not ap-

pear before Doris Sayles, that he never talked to her, that he did not want to buy any land, that he had never been in Kinney County, Texas, where the land involved in this transaction is located, that some nine months later he signed some papers for Mr. Ruffin, that Ruffin gave him a check for $100, that the final contract was acknowledged by Jerrie Rankin but he did not appear before Jerrie Rankin and did not know her.

The testimony of Doris Sayles, substantiated by a copy of the commission from the Secretary of State, adequately reflects that she was a notary public. She testified that Mireles did not appear before her but the acknowledgment reflects that she certified that he did.

The evidence adduced from the testimony of Doris Sayles and Mireles clearly shows that the acknowledgment was falsely made.

 Art. 1007, V.A.P.C., which was the applicable statute at the time of the commission of the offense, provides that if any person authorized by law to take the proof of an acknowledgment to any instrument, document, or paper whatsoever, affecting or relating to the title of lands in this state, wilfully and falsely certifies to such proof or acknowledgment duly made, he shall be guilty of forgery. We hold that this article does not require any intent to defraud upon the part of the notary making a false certificate to an acknowledgment. We think the wilful making of a false acknowledgment is a forgery under the terms of the article. Appellant's contention is without merit.

 Appellant further contends that the facts and circumstances are not sufficient to show that he was a principal and that there is no evidence that he uttered personally, published, passed, or used the alleged false or forged acknowledgment.

We think it unnecessary to here review the lengthy testimony as to the scheme or system used by appellant, Ruffin, and Bascom Giles in this and other transactions involving the purchase of large blocks or tracts of land and the division of the excess profits from the inflated values with intent to defraud. Suffice it to say that the testimony is more than adequate to establish the appellant as a principal in this transaction. Ruffin's testimony shows that appellant knew the applications of the various veterans were in blank. Ruffin testified that he secured more than 100 veterans' signatures to applications, approximately 54 of them being used in this transaction, and that the Rosenow Ranch involved in this transaction was in Kinney County and Mireles was to get his tract of land out of it. Ruffin's testimony further reflects that appellant suggested that they make different tracts so that it would look better; that appellant got the money from Brady National Bank; that appellant was to pay Ruffin some $20,000 but that appellant said he had to pay Giles $75,000 and that he reduced the amount that Ruffin was to receive.

Appellant testified that Ruffin laid the papers involving the Rosenow Ranch on his desk and talked to appellant's wife and said he wanted Doris to do some work for him; that Doris came in and asked where the papers were and appellant pointed them out to her; that he did not take the applications to Austin; that he did not know the law required the person making the acknowledgment to be present; and that such was not the practice in Brady, Texas.

The testimony of Doris Sayles, who was Mrs. Grover C. Cunningham at the time of this trial, reflects that appellant asked her to come to his office on many occasions in reference to notarizing the applications of veterans and that none of the veterans were ever before her when the acknowledgments were completed. She further testified that when she read of the investigations of the Veterans Land scandals and talked to the appellant that he informed her he would tell them he was responsible.

Appellant's testimony shows that he borrowed the money to make the down payments for the 54 veterans on the Rosenow

tract; and that he had quite a few dealings with Bascom Giles, who was the Commissioner of the General Land Office and also shown to be the Chairman of the Veterans Land Board in the State of Texas.

The state's testimony amply reflects many telephone calls from Brady made by the appellant and Ruffin to Giles at Austin and, in turn, numerous calls were made by Giles to appellant at Brady during the time of this and other transactions. The testimony of the state further reflects that the 10,000-acre Rosenow Ranch was purchased by appellant and others for $16 per acre; that the appraiser for the Veterans Land Board first appraised the land at $27 per acre and was later instructed by Bascom Giles to add $5 per acre to the valuation. The state's exhibits show receipts issued to appellant for fifty-four cashier's checks to the Veterans Land Board for the 5% down payment on each loan, plus the fifty-four receipts for cashier's checks for the $50 closing fee on each tract. The state further showed that appellant assigned fifty-one commitments made by the Veterans Land Board to veterans for the land subdivided in the Rosenow Ranch tract to Bankers Life & Casualty Company of Chicago.

While the evidence of Doris Sayles Cunningham and L. V. Ruffin is accomplice testimony, it directly shows that appellant was a principal in this and other transactions. We conclude that the testimony of Mrs. Jerrie Rankin, in addition to the other testimony, is sufficient to corroborate the testimony of these two accomplice witnesses. Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340.

■ The question as to Mireles being an accomplice was submitted to the jury. We do not think the proof shows that he was an accomplice. In our opinion, he was an innocent veteran with little education, looking for an easy one-hundred-dollar pick up. We hold the evidence sufficient to show appellant to have been a principal throughout the transaction involved.

It is unnecessary to corroborate the entire narrative and all of the testimony of an accomplice. Middleton v. State, 86 Tex. Cr.R. 307, 217 S.W. 1046. Every constituent element of the offense as testified to by the accomplice need not be corroborated. Williams v. State, 59 Tex.Cr.R. 347, 128 S.W. 1120; Shaffer v. State, 121 Tex.Cr.R. 137, 52 S.W.2d 1054. Also, see: Contreras v. State, 144 Tex.Cr.R. 285, 162 S.W.2d 716, which holds that it is not necessary that the corroborating evidence support that of the accomplice to each criminative fact but is sufficient if the corroborating evidence tends to connect the accused with the offense charged.

■ Appellant strenuously urges by lengthy brief and oral argument that the trial court erred in overruling his objections to the court's charge. The record before us reflects that the trial court filed its first charge at 1:55 p. m., on February 6, 1961, and that the appellant took exceptions and objections to it, embodying some forty-two pages. The court then filed another charge at 9:45 p. m., on February 7, 1961. From this state of the record, it is not entirely clear to us that the appellant excepted and objected to his second or last charge of the court, which was the one read to the jury. We do resolve any doubt in this connection in appellant's favor and adopt his premise that he also made exceptions and objections to the final charge of the court. We do not find, however, that the appellant took exception to the ruling of the court in overruling his exceptions and objections to this charge of the court. In the absence of such exception, appellant's complaint to the charge is not before us for review. Stone v. State, Tex.Cr.App., 346 S.W.2d 323; Eldredge v. State, 162 Tex. Cr.R. 282, 284 S.W.2d 734; Smith v. State, 166 Tex.Cr.R. 294, 313 S.W.2d 291; Redman v. State, 162 Tex.Cr.R. 524, 287 S.W.2d 676; Medlock v. State, Tex.Cr.App., 356 S.W.2d 312. For like reasons, the complaints to the refusal of requested charges are not before us. Medlock v. State, supra, and cases cited.

Appellant next complains that the trial court erred in overruling his motion to quash the indictment. We think this contention is without merit. The indictment in the second count alleged, in substance, that appellant did unlawfully and with the intent to make money and with the intent to defraud, knowingly utter, publish, pass, and use as true and genuine, to the Veterans Land Board of the State of Texas, a certain false and forged acknowledgment to a certain instrument in writing relating to and affecting title to land, and that when the appellant did utter, publish, pass, and use as true and genuine the said instrument in writing, he well knew that said acknowledgment was false and forged.

The failure to allege how and by whom the acknowledgment was falsely made did not render the indictment insufficient. Updack v. State, 131 Tex.Cr.R. 134, 96 S.W. 2d 979.

Appellant fourthly complains of the action of the trial court in overruling his motion to change venue from Hill County because of local prejudice against him. No affidavits of compurgators in support of the change of venue were filed. A motion for change of venue must be supported by affidavits of at least two compurgators in order to be considered. Philpot v. State, Tex.Cr.App., 332 S.W.2d 323; McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521, 354 U.S. 936, 77 S.Ct. 1405, 1 L.Ed.2d 1536; Windham v. State, 162 Tex.Cr.R. 620, 288 S.W.2d 90. This complaint is also without merit.

Appellant's contention that the second count of the indictment shows that it was barred by the three-year statute of limitation is without merit. The record shows that the offense was alleged to have been committed on or about the 20th day of May, 1954, and the indictment was returned June 11, 1959. Art. 177, Vernon's Ann.C.C.P., fixes the limitation period for this offense at ten years. By the holding of this court in the first Sheffield case, 165 Tex.Cr.R. 354, 307 S.W.2d 100, the offense here charged is within the forgery offense, and the ten-year statute applies to forgery. The same is true of the offense defined in Art. 5421m, Sec. 32, supra. So the offense is not barred.

Lastly, the appellant complains of the action of the trial court in overruling his application for probation. No error is shown. Probation is discretionary with the trial court. McClane v. State, Tex.Cr. App., 343 S.W.2d 447.

We have carefully considered and examined all of the remaining contentions of appellant, along with the numerous informal bills of exception, and find no error reflected in any of them.

Finding the evidence sufficient to sustain the verdict of the jury and finding no reversible error, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

Appellant contends that the contract of sale and the assignment which is set out and referred to in the indictment as "a certain instrument in writing" relate to the sale of real estate, and are in violation of the provisions of Art. 1137h, V.A.P.C. This statute prohibits any person subdividing real estate from using the subdivision's description in any deed of conveyance or contract of sale delivered to a purchaser unless and until a map or plat has been duly authorized and filed for record with the clerk of the County Court of the county where the real estate is situated. He further contends that the statutory prohibition with a penalty imposed renders the contract of sale and the assignment void. Therefore, the assignment on which this prosecution rests could not be made the basis of forgery and the appellant could not be guilty as charged.

At first attention is directed to the provisions of Art. 1010, V.A.P.C., to the effect that upon indictment under Chapter 2 of

Title 14, it shall be no defense that the instrument was in law, either as to substance or form, void.

The first paragraph in the contract of sale consists of an application to purchase real estate from the Veterans Land Board of Texas. The contract is subject, among other conditions, to the commitment of the Board not being below the contract price. Next, the contract is subject to the defects, if any, in the title. The assignment depends on certain terms and conditions, and is also subject to acceptance by the Board.

It is apparent from the contract that it is an executory contract to convey and not such a contract of sale per se as passes either legal or equitable title. The assignment is in the same condition. Currie v. Burgess, 132 Tex. 104, 120 S.W.2d 788; Tashnek v. Hefner, Tex.Civ.App., 282 S.W. 2d 298. Art. 1137h, supra, relates only to deeds and contracts of sale delivered to a purchaser. Therefore, the assignment set out and designated in 'the indictment as "a certain instrument in writing" is not void because it does not come within the terms of the aforesaid article.

It is insisted that there is a fatal variance between the allegations of the indictment and the proof because the description of the real estate is violative of Art. 1137h, supra, which renders the contract of sale and its assignment void. This contention is controlled by the holding herein that said article is not applicable to the instruments here in question.

It is strenuously re-urged that the evidence is insufficient to support the conviction on the ground that there is no showing that Doris Sayles, the notary, had any fraudulent intent when she certified that Mireles had appeared before her in the making of the acknowledgment.

In addition to the disposition made of this contention in the original opinion, it is further concluded that without regard to whether Doris Sayles innocently, or while acting as a principal, certified that Mireles

appeared before her as a notary, the evidence is sufficient to warrant the finding that the appellant had the intent to defraud and was a principal in the commission of the offense charged.

The motion for rehearing is overruled.

Opinion approved by the Court.

## CONCURRING OPINION ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant's counsel has tendered to this Court as an exhibit to his motion for rehearing a stipulation executed by all the prosecutors involved and joined in by himself in which it is agreed that he did in fact except to the action of the court in overruling his objections and exceptions to the charge and that such exception was, through inadvertence and oversight, omitted from the certificate of the court.

There is no escape from the conclusion that if we considered such stipulaton we would in effect be permitting an amendment to a bill of exception long after the statutory time for filing the same has expired and would be overruling a long line of authorities which hold that such may not be done.

In the recent case of Gonzalez v. State, 164 Tex.Cr.R. 64, 297 S.W.2d 144, we held that the district clerk was without power to antedate or attempt to file back objections and exceptions to the court's charge. Therein, we cited Ortiz v. State, 121 Tex.Cr.R. 438, 53 S.W.2d 58, as authority for the rule that this might not be done even with the consent of the trial court. The effect of such holding is that a bill of exception must be perfected under Article 760d, V.A. C.C.P., within 90 days after the giving of notice of appeal and that once that time has elapsed no bills filed or perfected thereafter will be considered.

In Tindol v. State, 156 Tex.Cr.R. 187, 239 S.W.2d 396, we said:

"In this connection attention is directed to the rule that a bill of exception

becomes an unamendable instrument once the appeal is perfected and the time for filing such bills has expired, because the trial court is then without jurisdiction to make any order whatsoever in the case. For this Court to allow the filing of amendments or additions to bills in cases on appeal would so complicate and delay the adjudication of a cause of action that this Court might never remain current with its docket. This we must do in order to properly perform our function in the judicial system."

See also Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362, and Smith v. State, 166 Tex.Cr.R. 294, 313 S.W.2d 291, and cases there cited.

I join in the overruling of the motion for rehearing.