## INGRAM et al. v. CENTRAL BITULITHIC CO. et al.

### No. 1234.

Court of Civil Appeals of Texas. Waco.

June 2, 1932.

Rehearing Denied July 11, 1932.

Crate Dalton and T. M. Dalton, both of Dallas, for plaintiffs in error.

Goggans & Ritchie, Wm. P. Goar, and Benj. Chilton, all of Dallas, for defendants in error.

### BARCUS, J.

The material facts affecting this appeal are without dispute. In September, 1919, the Trinity Heights Syndicate made a contract with Christena M. Fisher under the terms of which it sold, and she purchased, a lot in the Trinity Heights addition to Dallas for $850, to be paid $2 cash and $1 each week thereafter for 848 weeks. The contract provided that, after one-half of the weekly payments had been made, the company would execute and deliver to the purchaser a warranty deed free from all incumbrances, except for the deferred payments on the contract, and the purchaser agreed when the deed was delivered to execute notes for the deferred payments and secure same by a deed of trust. The purchaser made the weekly payments under the terms of the contract, and on September 13, 1927, one-half thereof had been paid. On April 20, 1928, the company tendered the deed to the purchaser, which was declined because said deed required the purchaser to assume a paving lien assessment which had been fixed against the property by the city of Dallas in 1926 or 1927. The record shows that in 1926 the city of Dallas ordered the street in front of the lot in question paved, and assessed a portion of the cost amounting to $369.53 against said property. The paving certificates belonged to the Central Bitu-lithic Company. Said paving lien not having been paid, this suit was instituted by said company to foreclose said paving lien. The seller of said lot and the purchaser thereof were made parties. It is admitted by all parties that the paving lien was properly levied and that same is due and that the paving company has a first lien on the property to secure same.

The sole question involved in this appeal is whether the seller of the property or the purchaser thereof is required to pay for said paving. The trial court entered judgment in effect holding that the purchaser of the lot was responsible therefor.

At the time the contract of sale and purchase was made in September, 1919, under the terms of which the purchaser had more than 16 years to make payment, the street in front of said lot was not paved, and no effort was made to have same paved for 7 or 8 years thereafter. The contract of sale and purchase provides that, when the purchaser paid one-half the purchase price, the seller would execute and deliver to the purchaser a warranty deed clear of all incumbrances.

The question here involved has, we think, been at least twice decided by our courts adversely to plaintiffs in error's contention. In Leeson v. City of Houston (Tex. Com. App.) 243 S. W. 485, 488, the court, in a case very similar to the facts involved here in holding that a purchaser under a contract of sale was liable for the cost of paving done after the contract was made, stated: "By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him. * * * In order to hold defendant company upon its covenant of general warranty [to pay paving lien] we would have to hold, not only that the legal title did not pass until the deed was finally delivered, * * * but also that the covenants of the deed related to the condition of the title as of that date. * * * The incumbrance in question arose independently of the action of either party. It was placed there by a sovereign power. The very theory upon which it became a charge upon the property was that the value of the property was enhanced by the paving to the amount of the assessment. This enhancement in value inured to the benefit of the owner, and for that reason he was charged with the cost of the improvement."

In Walcott v. Kershner (Tex. Com. App.) 291 S. W. 195, which involved the question as to whether the purchaser or seller was responsible for the cost of paving a street, the court specifically approved the holding in the case of Leeson v. City of Houston, supra.

For the reasons stated in the quoted opinions by the Commission of Appeal, which were adopted by our Supreme Court, the judgment of the trial court is affirmed.