## SHAMBAUGH v. MOORE et al.
### No. 2267.

Court of Civil Appeals of Texas. Beaumont. Nov. 7, 1932.

Rehearing Denied Nov. 9, 1932.

W. H. Graham, of Houston, for appellant.

Adams & Moore, of Beaumont, for appellees.

WALKER, C. J.

This suit was filed by appellant, Scott Shambaugh, against appellees Amos Moore and Miss Mary Conroy, to foreclose a paving lien in the sum of $208.10, with reasonable attorney's fees, against lot 12, block 21, Parkdale addition to the city of Beaumont, with prayer for joint and several judgment against appellees for the amount of the certificate. All facts necessary to make the amount of the certificate a lien against the lot were duly alleged. The answer of appellees raised the issues: (a) That the lot was the homestead of Amos Moore and wife at and before the time the assessment was made against it and has been continuously their homestead since that time; and (b) that Miss Mary Conroy's interest in the lot, when the assessment was made against it and since that time, was not such as to make her personally liable for the amount of the certificate. The trial was to the court without a jury, with personal judgment against Amos Moore for the amount of the certificate and $50 attorney's fees, but denying foreclosure of the lien, as described in the petition, on the ground that the property was his homestead, and with denial of a personal judgment against Miss Conroy. In support of the judgment, the court found that Miss Conroy, on the 31st of December, 1923, was the owner of the lot in question and remained the owner until the 10th day of August, 1927, when she entered into the following contract of sale to Amos Moore:

"Contract for Deed.

"This agreement this day duly entered into by and between Mary Conroy, of Jefferson County, Beaumont, Texas, as party of the first part and Amos Moore and wife Harritt Moore, parties of the second part: Witnesseth:

"That the parties of the second part agree to buy and party of the first part hereby agrees to sell that certain lot or parcel of land lying and being situated in the Parkdale Addition to the City of Beaumont, Jefferson County, Texas, according to the recorded map of said addition which is hereby referred to for full and complete description, the property conveyed being lot number twelve in block number twenty one of the Parkdale Addition.

"The parties of the second part agree to purchase said property for the sum of Twenty Five Hundred Dollars ($2,500.00) on the following conditions, to-wit: $50.00 cash, the receipt of which is hereby acknowledged and the balance of Twenty Four Hundred and fifty Dollars ($2,450.00) to be paid to the said Mary Conroy at Beaumont, Texas, as follows: Twenty Two ($22.00) Dollars per month, the first installment being due and payable on or before the 10th day of September, and one of said remaining installments being due and payable on or before the 10th day of each and every consecutive month thereafter, until the full amount of said note, together with interest thereon at the rate of 8% per annum is fully paid, interest payable monthly as it accrues, it being understood and agreed that as each installment are paid thereon as aforesaid, same shall be applied first to the payment of interest due thereon and the balance to the payment of principal of said note, which note contains the usual 10% attorney's fee clause and recites that failure to pay any installment of principal or interest thereon when due or failure to keep the taxes paid on said property as they

accrue shall, at the option of the holder, at once mature the same for the full amount then paid. Thirty days notice of such action on the part of the party of the first part is to be granted party of the second part.

"The parties of the second part in consideration of purchase price above specified have given their promissory note of even date herewith for the remainder of the purchase price which note is hereby identified with this agreement. Parties of the second part reserve the right to pay any and all of the installments above set out before their maturity and interest being charged from this date to the time said installments are paid. Taxes for the year 1927 to be prorated.

"In consideration of the covenants and agreements hereinabove made by the parties of the second part, the party of the first part agrees when all payments have been made according to the terms and conditions of this agreement, to deliver to the parties of the second part a good and sufficient warranty deed to the premises herein described. If the parties of the second part desire to take a deed when one half of the principal of the total purchase price has been paid, they shall have the right to have same made, the purchasers taking up the note now given, and giving new note or notes acceptible to party of the first part for the balance unpaid for which balance vendor's lien is to be retained by the party of the first part.

"It is mutually agreed that should the parties of the second part fail to make any of the payments as hereinabove specified, the whole amount remaining unpaid shall at once become due and payable and at the option of the party of the first part may be either revoked in any proper action on said note or notes may be returned to the parties of the second part and all the payments previously made shall be forfeited to the party of the first part as liquidated damages for breach of this contract, the parties of the first part hereby waiving all legal demands and formal putting in default.

"Now, therefore, in consideration of the premises and of the said purchasers hereby stipulating, obligating and binding themselves and their heirs and assigns this piece of land is sold subject to the covenants and conditions herein specified.

"This agreement shall be mutually binding upon the heirs and assigns of the parties hereto.

"In witness whereof, the parties to this agreement have hereunto set their hands and to a duplicate instrument of like tenor, on this the 10th day of August, A. D. 1927."

This contract was not acknowledged by either party nor filed in the office of the county clerk of Jefferson county. On the date of this contract the lot was vacant and unimproved, but shortly thereafter Miss Conroy erected a dwelling house thereon for the use of Amos Moore and wife, which was completed in six or seven weeks after the date of the contract. As soon as the dwelling house was completed, Amos Moore and wife moved into it as their home and continuously occupied the same, claiming it as their home, from the date they took possession of it until this case was tried. They bought it with the intention of making it their home. The court further found that lot 12, block 21, Parkdale addition to the city of Beaumont, being the lot in issue herein, was paved by appellant, under a contract with the city of Beaumont, made long after Moore's homestead interest attached thereto, and while he was occupying it as his home, and that the city had taken all necessary legal steps to fix the assessment lien against this lot, provided it was not the homestead of Amos Moore, and to make the owner of the lot personally liable for the amount of the certificate; but, in this connection, the court found that neither Miss Mary Conroy nor Amos Moore and wife ever executed any mechanic's lien or other contract in favor of the contractor for paving the street in front of this property. The court further found that the certificate was regularly issued and delivered to appellant under the terms of its contract with the city, entitling it to the ownership; and that appellant, as owner of the certificate, had made demand upon appellees for its payment; that payment was refused; that it was placed in the hands of an attorney for collection; and that suit was regularly filed thereon.

### Opinion.

Appellant says that the ownership of the above-described property, at the time the assessment was made against it, is the only question in issue; if Moore was the owner, the conclusion that it was his homestead has support in the record and the judgment should be affirmed; but "appellant contends that Miss Conroy was the owner and that Amos Moore was not the owner." This very issue, on identical facts, was before the Waco Court of Civil Appeals in Ingram v. Central Bitulithic Co., 51 S.W.(2d) 1067. On the principles announced in that case, supported by authorities from the Supreme Court, which we think are directly in point, Amos Moore was the owner of this property, and Miss Conroy's interest therein, under her contract of sale with him, was not of such nature as to render her personally liable for the amount of the certificate. Amos Moore's homestead interest in the property exempted it from the assessment lien. If the case cited is in conflict in any way with Whitham & Co. v. Gambrell (Tex. Civ. App.) 48 S.W.(2d) 347, a point we do not decide, we believe the cited case controls the proposition before us.

For the reason stated the judgment of the lower court is in all things affirmed.