

# THE ATTORNEY GENERAL
# OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 12, 1955

*Partially overruled by State v. Beto — medino — at ease W. L. # 1. 310 SW2d 641* [handwritten]

Hon. J. Earl Rudder
Chairman, Veterans' Land Board
Austin, Texas

Opinion No. S-183

Re: Questions relating to exe-
cution sale of the interest
of a purchaser under the
Veterans' Land Program

Dear Sir:

Your opinion request consists of sixteen
questions concerning levy of execution and foreclosure
sale, before and after forfeiture of the contract of
sale and purchase, pursuant to judgments for delin-
quent taxes and private debt, and the effect on a
veteran's contractual interest in land he is purchas-
ing through the Veterans' Land Program.

Your questions may be resolved into two
basic ones, the answers to which will determine the
answers to your specific questions. Summarized, the
basic questions are:

1. Is a veteran's interest in the land
he is purchasing through the Veterans' Land Program
subject to foreclosure and sale pursuant to judg-
ment for delinquent taxes thereon and for private
debts incurred by him?

2. May the purchaser at the foreclosure
or execution sale be substituted for the veteran in
the contract of sale and purchase with the Veterans'
Land Board?

The answer to question number one is in the
affirmative, if either of the following sets of facts
exist and, in the case of private debt, the land is

not otherwise exempt from forced sale:

    1. The veteran has had possession
of the land for three years or more and
forfeiture of the contract of sale and
purchase has not occurred.

    2. The veteran has had possession
of the land under three years and has
died or become incapacitated by reason
of illness, and forfeiture of the con-
tract of sale and purchase has not oc-
curred.

    The answer to question number two is in the
affirmative if the facts exist as set forth in either
of the preceding paragraphs numbered 1 and 2 and the
veteran and purchaser have complied with the terms and
conditions of the Veterans' Land Act, and, as regards the
tax sale, the two-year redemption period has expired
and the veteran has failed to redeem.

    The Veterans' Land Act, hereinafter referred
to as the Act, is codified as Article 5421m, Vernon's
Civil Statutes. The Act was amended by Chapter 520,
Acts of the 54th Legislature, 1955, effective on
September 6, 1955, and discussion herein will be in
the light of the Act as amended. The Veterans' Land
Board will be referred to as the Board.

    All lands purchased by the Board and all
lands previously sold by the Board and repossessed for
any cause on account of the acts of the purchasers or
any other lawful reasons constitute a part of the Vet-
erans' Land Fund. (Secs. 8 and 11.) Thus, such lands
are exempt from taxation so long as they remain a part
of the Fund. (Art. 7150, V.C.S.) However, when a portion
of the lands is sold to a veteran under a contract of sale
and purchase (Sec.17), it ceases to be a part of the Fund.
Although the legal title to the land so contracted to be
sold is in the State, it is to be considered for all
the purposes of taxation, as the property of the person
so holding the same. (Art.7173, V.C.S.)

    A veteran, upon execution of a contract of
sale and purchase with the Board and entry into poss-
ession, becomes invested with the equitable title from
the date of the contract, or in any event, from the
date he takes possession. Ingram v. Central Bitulithic

Co., 51 S.W.2d 1067 (Tex.Civ.App.1932, error ref.), Lee-
son v. City of Houston, 243 S.W. 485 (Tex.Comm.App.1922),
Walcott v. Kershner, 291 S.W. 195 (Tex.Comm.App.1927).
The equitable title is the taxable title in this instance.
Texas Turnpike Company v. Dallas County, 271 S.W.2d 400
(Tex.Sup.1954).

But why distinguish the number of years the
veteran has held possession of the land and how does
the veteran's death or incapacity because of illness af-
fect the answer? By referring to Section 17 of the Act
it will be seen that "the Board is empowered in each in-
dividual case to specify the terms of the contract
entered into with the purchaser, not contrary to the pro-
visions of this Act, but no property sold under the pro-
visions of this Act shall be transferred, sold or con-
veyed, in whole or in part, until the purchaser has
enjoyed possession for a period of three (3) years from
the date of purchase of said property and complied with
all the terms and conditions of this Act and the rules
and regulations of the Board; provided, however, that
should the veteran purchaser die or become incapacitated
by reason of illness, the property may be conveyed be-
fore the expiration of said three (3) years by said pur-
chaser or his heirs, administrators or executors; . . ."

A veteran in possession for three years or
more, or in possession under three years and incapaci-
tated because of illness, has a vendible interest in the
land. A vendible interest vests in his heirs, devisees,
or personal representatives upon his death. (Sec. 20.)
Since the interest is taxable, as well as vendible, the
tax lien can be foreclosed and the interest sold at a tax
sale. A tax suit is brought as an ordinary foreclosure
for debt, and sale of the interest is had as under ordi-
nary execution. (Art. 7326,V.C.S.)

The purchase by a veteran under the Act is
analogous to a purchase by an individual of county school
lands or of public lands owned by the State and sold un-
der a contract of sale and purchase with forfeiture pro-
visions. In Taber v. State, 85 S.W. 835 (Tex.Civ.App.
1905, error ref.), the court said:

"That our tax laws should be construed
as they long have been, to require the vendee

Hon. J. Earl Rudder - page 4 (No.S-183)

holding lands under an executory contract
of sale to pay the taxes assessed against
such lands, we entertain no doubt.  Lands
so held are subject to execution as the
property of the vendee, . . . after the
school lands are sold by the county they
become the property of the vendee for pur-
poses of taxation, as well as of execution,
even though the sale be on a credit, and
the contract executory . . . True, the county
is not entirely divested of title to the lands
until they are finally paid for, but until a
forfeiture or rescission takes places on ac-
count of the default of the purchaser the
purchaser is to be regarded as the owner,and
the lands may be sold for taxes as his prop-
erty."

In Martin v. Bryson, 71 S.W. 615 (Tex.Civ.App.
1902, error ref.), the court quoted Freeman on Executions
as follows:

"So one who purchases lands from a
state under a contract which provides for
certain payments, upon the making of which
he will become entitled to a patent, and
upon default in any of which he forfeits
all rights under his contract, has a vendi-
ble interest in such lands prior to their
forfeiture, and one which is subject to
execution.  The estate acquired under the
levy of an execution is, of course, no
better or more certain estate than that
held by the judgment debtor, and remains
liable to be defeated by the same contin-
gency to which it was subject before the
execution sale."

In all cases in which lands have been sold,
or may be sold, for default in the payment of taxes,
the sheriff selling the same or any of his successors
in office, shall make a deed or deeds to the pur-
chaser or to any other person to whom the purchaser
may direct the deed to be made.  (Art. 7330,V.C.S.)
However, the purchaser takes the interest subject to
the veteran's right, or the right of anyone claiming
under him, to the two-year redemption period from the
filing for record of the purchaser's deed, during
which period the veteran is entitled to possession.
(Art. 7345b,V.C.S.)

If the veteran's interest is purchased at the tax sale by any taxing unit, it may be held or sold by the unit for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged to have tax liens against the interest. (Art. 7345b.) But such interest is held or sold subject to the veteran's right of redemption.

What is the interest of the veteran to be acquired by the purchaser at a tax or ordinary execution sale? It is the veteran's right under his contract of sale and purchase to possess the land and have a deed executed to him when the entire indebtedness due the State is paid, as well as to convey his interest upon certain terms and conditions. (Sec.17.) It is comparable to a mortgagor's right of redemption.

In Buchanan v. Monroe, 22 Tex. 537 (1858), in speaking of the equity of redemption, the court said:

". . . The doctrine of equity is that the equity of redemption is the real and beneficial estate, tantamount to the fee at law; and it is accordingly held to be descendible by inheritance, devisable by will,and alienable by deed, precisely as if it were an absolute estate of inheritance at law. . . . 'The mortgagor has a right to lease, sell, and in every respect to deal with the mortgaged premises as owner, so long as he is permitted to remain in possession, and so long as it is understood and held, that every person taking under him, takes subject to all the rights of the mortgagee, unimpaired and unaffected!. . . . The equity of redemption . . . is liable to sale on execution. . . ."

In Houston v. Shear, 210 S.W. 976 (Tex.Civ.App. 1919, error dism.), the following was said concerning execution and the mortgagor's right of redemption:

"Where, as here, lands subject to contract liens are sold on execution against the owner, the purchaser at execution sale succeeds to his rights, and equity confers upon him the privilege of redemption, but only on condition that the rights acquired at execution sale are valid."

In <u>Rosenthal v. Desberger</u>, 130 S.W. 192 (Tex.Civ. App. 1910), the court said:

". . . All that is seized and subjected to sale by the levy of the execution is such right or title as the defendant therein had at the time; and all that passes at the sale is such right or title as the latter had or owned at the date of the levy, or had acquired between that time and the date of the sale. . . At execution sales the purchaser can claim no greater rights than such as he might acquire had the defendant himself conveyed all his right, title and interest in the property levied upon."

You have advised that a resolution was passed by the Board on January 6, 1953, which reads in part as follows:

". . . All transfers by Assignment of Contract of Sale and Purchase shall be approved by the Chairman of the Veterans' Land Board. Such approval shall be accomplished by his signature and by affixing the Veterans' Land Board seal thereto. . . ."

A veteran may convey all his right, title and interest in the land he is under contract to purchase, upon certain terms and conditions provided in the Act and in conformity with the rules and regulations of the Board. Hence, there appears to be no reason why a purchaser at a tax or execution sale may not be substituted for the veteran in the contract and be permitted to continue it or liquidate the indebtedness, provided the Board is satisfied that the facts exist as assumed herein.

A veteran in possession for less than three years from the date of his purchase contract and not incapacitated by reason of illness is prohibited from transferring, selling or conveying his interest in the property. (Sec.17.) In this circumstance he has no vendible interest in the property subject to sale under execution or like process. <u>Moser v. Tucker</u>, 87 Tex.94, 26 S.W. 1044 (1894), <u>Bourn v. Robinson</u>, 107 S.W. 873 (Tex.Civ.App.1908). Therefore, a tax judgment against the veteran must be satisfied otherwise than by subjecting

his interest to a tax sale. Danciger v. State, 140 Tex. 252, 166 S.W.2d 914 (1942).

Forfeiture of the veteran's contract restores the land to the Veterans' Land Fund (Sec.19), leaving no interest of the veteran therein subject to taxation or execution. Danciger v. State, supra; State v. Stovall, 76 S.W.2d 206 (Tex.Civ.App.1934, error ref.). The forfeiture would not extinguish the personal liability of the veteran and upon reinstatement of the contract an execution could be levied upon the veteran's interest in the event that his interest is subject to a forced sale. Further, upon reinstatement of the contract the veteran would take the property subject to all tax liens which existed at the time the forfeiture occurred, and his interest could thereafter be subjected to foreclosure and satisfaction of the tax liens. Danciger v. State, supra. Forfeited land sold to another veteran would not be burdened with taxes accrued against the original veteran purchaser. Att'y Gen. Op. No. 0-5062 (1943).

Based upon the above discussion, as a summary we will answer each of your questions by numbering them as listed by you.

## SUMMARY

1. If a veteran's contract has not been forfeited and a delinquent tax suit is brought and execution levied on the veteran's interest, the Veteran's interest may be sold at a foreclosure sale only in the event that (a) the veteran has had possession of the land for three years or more, or (b) the veteran has become incapacitated by reason of illness, or (c) the veteran has died.

2. If a veteran's contract has not been forfeited and the veteran's contractual interest is sold under an execution (see answer to question No. 1), the purchaser at the foreclosure sale may be placed in possession of the land and assume the payment of the contract with the Veterans' Land Board in place of the veteran, provided that the two-year period of redemption has expired and the veteran

has not exercised his right to redeem. During the two-year redemption period and prior to redemption, the purchaser would be entitled to make the required payments to the Board under the contract in order to prevent a forfeiture of the contract, but if the veteran later exercised his right of redemption the purchaser's rights as a purchaser would be cut off.

3. If a veteran's contract has not been forfeited and the veteran's contractual interest is sold by levy of execution (see answer to question No. 1) and there are no purchasers, the State or county may purchase said interest and hold it in trust for the taxing agencies involved. However, the right of the Veterans' Land Board to forfeit the contract for nonpayment of principal or interest would continue.

4. If a veteran's contract has been forfeited when a delinquent tax suit is brought, only a personal judgment against the veteran could be obtained, as the veteran has no interest that can be foreclosed.

5. Our answer to the above question No. 4 fully answers your question No. 5.

6. If the veteran's contract has been forfeited, the veteran's contractual interest cannot be sold under execution, and the purchaser at such a sale, if held, would acquire no interest in the land and should not be allowed to assume the payment of the contract with the Veterans' Land Board in the place of the veteran.

7. If a veteran's contract has been forfeited, the veteran's contractual interest is not subject to execution or foreclosure and therefore the State or county would have no authority to purchase said interest at such a sale, if held, and hold it in trust for the taxing agencies involved.

8. If a veteran's contract has not been forfeited, and a delinquent tax suit is brought by the county in the name of the State of Texas, and judgment entered, an execution may be levied only on the interest owned by the veteran, and his interest only may be sold at a foreclosure sale to satisfy the judgment, and then only in the following instances: (a) the veteran has had possession of the land for three years or more, or (b) the veteran has become incapacitated by reason of illness, or (c) the veteran has died.

9. If a veteran's contract has been forfeited when a delinquent tax suit is brought by the county in the name of the State of Texas, a personal judgment only should be entered against the veteran, and neither a foreclosure of a tax lien nor an execution could be issued against the land or the veteran's interest therein.

10. In the event that delinquent taxes have accrued against a tract of land being purchased through the Veterans' Land Program and the veteran's contract is forfeited and the land is resold by the Board, as provided in the Veterans' Land Act, the purchaser of the land at the second sale takes the land free from all past delinquent taxes. In such case there is no lien upon the land by reason of the prior delinquent taxes, and a personal judgment for such taxes could be secured only against the original veteran.

11. If a veteran's contract has not been forfeited and a creditor of the veteran obtains a judgment against the veteran and the veteran's contract has not been in effect for three years, an execution cannot be levied on the veteran's contractual interest and said contractual interest be sold at foreclosure sale and the purchaser be substituted in place of the veteran on his contract of sale and purchase, except in the event that (a) the veteran has become incapacitated by reason of illness, or

(b) the veteran has died and the interest of the veteran is subject to a forced sale.

12. Our answer given to the above question No. 11 makes it unnecessary to answer your question No. 12.

13. If a veteran's contract has not been forfeited and a creditor of the veteran obtains a judgment against the veteran for a debt and the veteran's contract has been in effect for more than three years, an execution may be levied on the veteran's contractual interest and said contractual interest be sold under execution to a purchaser and said purchaser be substituted on the contract in lieu of the veteran, unless the veteran's interest is not subject to a forced sale.

14. If a veteran's contract has been forfeited and a creditor of the veteran obtains a judgment against the veteran for debt, an execution cannot be levied on the veteran's interest unless the veteran redeems the land from the Veterans' Land Board and then only in the following instances: (a) the veteran has had possession of the land for three years or more, or (b) the veteran has become incapacitated by reason of illness, or (c) the veteran has died; and further provided that the veteran's interest is subject to a forced sale.

15. Our answer to the above question No. 14 fully answers your question No. 15.

16. After a veteran's contract has been forfeited, no taxes accrue thereon as long as it is held as a part of the Veterans' Land Fund. In the event the veteran secures a reinstatement of his contract, he should be

required to pay the delinquent taxes
that accrued before the forfeiture.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

APPROVED:                          By _____
                                      J. A. Amis, Jr.
Mary K. Wall                          Assistant Attorney General
Reviewer

Will D. Davis
Special Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

JAA:bt