

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 3, 1975

The Honorable James O. Mullin
County Attorney
Parker County
Weatherford, Texas 76086

Opinion No. H- 514

Re: Taxation of land upon which
mobile homes are situated.

Dear Mr. Mullin:

You call to our attention the fact that there are thousands of small tracts of land throughout the state (1) which are being purchased on a contract for deed; (2) upon which a mobile home has been placed; (3) where the property has been rendered as a homestead and (4) where the landowners have refused to pay the taxes on the valuation of the mobile home when the contract is canceled. In that context you have submitted three questions:

> 1. Should property which is being sold under a contract to purchase be assessed for taxation against the purchaser?
>
> 2. If question 1 is answered affirmatively, can the seller be held liable for the value of improvements in the form of a mobile home?
>
> 3. Can the land be held liable for taxes against a mobile home which was purchased from a person other than the vendor of the land and was moved onto the land later?

The taxation of property is governed by Chapter 6 of Title 122, Vernon's Texas Civil Statutes. For the purposes of taxation, "real property" is defined in article 7146 as including the land itself and:

> . . . forms of housing adaptable to motivation
> by a power connected thereto commonly called "trailers"
> or "mobile homes," which are or can be used for resi-
> dential, business, commercial, or office purposes,
> except those located within the boundaries of an assess-
> ing unit for less than 60 days or unoccupied and for sale.
> The value of any trailer or mobile home shall not be
> included in the assessment of the land on which it is
> located, unless both the land and the trailer or mobile
> home are owned by the same person. If the owner of
> the trailer or mobile home is not the owner of the land,
> the trailer or mobile home shall be rendered for
> taxation separately from the land and taxes assessed
> shall be a liability of the owner of the trailer or mobile
> home, and not a liability of the landowner. Land on which
> a trailer or mobile home is located shall not be subject
> to execution for the collection of taxes assessed against a
> trailer or mobile home unless both are owned by the
> same person.

While contracts may vary in their terms and you have submitted no particular contract to us, generally it is held that the purchaser of land under a contract of sale acquires the equitable title to the land from the time he takes possession, even though legal title may not pass until actual delivery of the deed. Bucher v. Employers Casualty Company, 409 S. W. 2d 583 (Tex. Civ. App. --Fort Worth 1966, no writ); Shambaugh v. Moore, 54 S. W. 2d 211 (Tex. Civ. App. --Beaumont 1932, writ ref'd); Ingram v. Central Bitulithic Company, 51 S. W. 2d 1067, (Tex. Civ. App. --Waco 1932, writ ref'd). Likewise, it is generally held that the equitable title is the taxable title where the grantee takes possession under a contract of sale, Texas Turnpike Company v. Dallas County, 271 S. W. 2d 400 (Tex. Sup. 1954); City of Garland v. Wentzel, 294 S. W. 2d 145 (Tex. Civ. App. --Dallas 1956, writ ref'd, n. r. e.).

The answer to your first question, therefore, would appear to be that, under the usual contract to purchase, the real property taxes should be assessed against the purchaser in possession.

In answer to your second question, whether or not the value of improvements in the form of a mobile home is to be included in the taxable value of real property depends upon whether the conditions of article 7146 are met.   The value of a mobile home is to be included unless it is within the boundaries of the taxing unit for less than 60 days or unless it is unoccupied and for sale.   It should not be included unless both the land and the mobile home are owned by the same person.

As to your third question we believe article 7146 requires that if, at the time of assessment, title to the mobile home and the taxable interest in the land are in the same person, the equitable interest in the land may be liable for taxes against the mobile home.   However, as article 7146 expressly provides, the land is not subject to execution for the collection of taxes assessed against a trailer or mobile home unless both are owned by the same person, and we construe "owned" to include equitable title.

## SUMMARY

Under a usual contract of sale, the purchaser of land acquires equitable title and, if he is in possession, is liable for taxes assessed against the property. Where a mobile home is placed on land and both are owned by the same person, the value of the mobile home should be included with the value of the land unless it is unoccupied and for sale or has been within the taxing jurisdiction for less than 60 days. Under similar circumstances, where both are owned by the same person, land may be charged with liability for taxes rendered against a mobile home.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg