**CLINTON PARK DEVELOPMENT CO.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 14428.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1954.

John E. Pledger, Jr., Houston Tex., John E. Pledger, Houston, Tex., of counsel, for petitioner.

Ellis N. Slack, Sp. Asst. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Charles W. Davis, Chief Counsel, John M. Morawski, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., Carolyn R. Just, Sp. Asst. to Atty. Gen., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The Clinton Park Development Company, a corporation, was organized to construct approximately 533 houses. The money necessary for the financing of this venture was obtained from loans guaranteed by the Federal Housing Administration, the financing expenses of which were paid by said company. During the year 1942, 507 of these houses were sold to purchasers under sales contracts, the terms of which required the purchasers to pay the F. H. A. loan applicable to the particular property and also another comparatively small indebtedness referred to as the equity loan. The petitioner contends that these transactions were completed in the year in which, allegedly, the houses were sold, and that it should be permitted to deduct as a business expense for that year the entire cost of financing the loans. The respondent contends that these financing charges should be amortized over the life of the loans, because no sales were completed during the years in question.

The question presented on this petition for review is: Did the Tax Court err in holding that the taxpayer company may not deduct as a business expense under Section 23(a) (1) (A), Internal Revenue Code, 26 U.S.C.A., finance charges incurred in securing mortgage loans, which charges were paid or incurred in the fiscal year ending August 31, 1942; and in holding that such charges should be amortized over the life of the loans? The facts are not in serious dispute, and, as found by the Tax Court, may be summarized as follows:

The taxpayer was organized in August, 1941, to build 533 houses in Clinton Park Addition, Harris County, Texas. Approximately 90 per cent of the sales price of the houses was borrowed by the taxpayer, who financed the construction of the houses through loans from local companies, which were guaranteed by the Federal Housing Administration. Individual deeds of trust to the lenders were executed by the taxpayer to secure separate notes for the indebtedness on each house. Contracts for the sale of 507 of these houses were entered into for the fiscal year ending August 31, 1942. During the following fiscal year, the remaining 26 houses were sold under similar contracts. Each purchaser was required to make a down payment of $25. While the total purchase price of the houses varied, the typical sales contract in evidence shows a sale price of $2435, with weekly payments of $4.90. The only financial requirement of the purchasers was that they have an income of $18 per week.

During the fiscal year that ended August 31, 1942, the petitioner repossessed 68 of 507 houses, and in the following year repossessed 27 houses. In its return for the fiscal year ending August 31, 1942, the taxpayer sought to deduct

$42,603.80 as finance charges in securing the mortgage loans. The Tax Court held that $23,407.70 of said amount was not properly deductible in that year and that these expenses of financing must be amortized over the life of the loans or until the sale of the mortgaged property was eventually consummated.

We agree with the Tax Court that the contracts for sale were not consummated but were clearly executory. The executory and conditional nature of the agreements is shown by their terms: no transfer of title could occur until stipulated conditions were complied with and deeds delivered. The rights of the grantees were simply to retain possession and to acquire title by complying with the terms of the contracts. There could be no completed sale until such time as the transfer was absolute. The benefits and burdens of ownership did not pass from the taxpayer to the grantees at the time of the execution of the agreements. The provision for forfeiture of payments in case of default is only one of many indications of the executory nature of the contract. A capital expenditure is not deductible under either Section 23(a) (1) (A) or 23(f) of the Internal Revenue Code. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406; Deputy v. Du Pont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607, rehearing denied, 320 U.S. 809, 64 S.Ct. 26, 88 L.Ed. 489; Wheelock v. Commissioner, 5 Cir., 77 F.2d 474; Renwick v. U. S., 7 Cir., 87 F.2d 123; Portland Gasoline Co. v. Commissioner, 5 Cir., 181 F.2d 538; Branstetter v. Hook, Tex.Civ.App., 251 S.W. 257; Texlouana Producing & Refining Co. v. Wall, Tex. Com.App., 257 S.W. 875; Dimmitt Elevator Co. v. Carter, Tex.Civ.App., 70 S. W.2d 615; Currie v. Burgess, 132 Tex. 104, 120 S.W.2d 788; Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146; Federal Life Ins. Co. v. Martin, Tex.Civ.App., 157 S.W.2d 149.

The decision of the Tax Court is affirmed.

Affirmed.