Henry M. BRADFORD, Appellant,

v.

Richard COLE and wife, Janice Cole, Appellees.

No. 8574.

Court of Civil Appeals of Texas, Texarkana.

Aug. 1, 1978.

Rehearing Denied Aug. 29, 1978.

See also, Tex.Civ.App., 559 S.W.2d 122.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellant.

Joe W. Lovelace, Lovelace & Thompson, Linden, for appellees.

ODEN, Justice.

Henry M. Bradford (Bradford) brought suit against Richard Cole and wife, Janice Cole, (Mr. and Mrs. Cole) to compel specific performance of an alleged contract to convey the Magnolia Manor Nursing Home. Mr. and Mrs. Cole filed a plea of privilege to be sued in Collin County, the county of their residence. Bradford controverted the plea and amended his pleadings to include a statutory action in trespass to try title. Mr. and Mrs. Cole supplemented their plea by affirmatively alleging that Bradford's allegations that he had title or a right to possession of Magnolia Manor Nursing Home were false and fraudulently made for the purpose of maintaining venue in Marion County, the county of suit. The plea of privilege was sustained and Bradford has perfected the appeal.

Mr. and Mrs. Cole are the owners of Magnolia Manor Nursing Home (nursing home). The tangible properties of the nursing home, an unincorporated business located in Marion County, consist of both real property and personal property. Bradford alleges that on October 10, 1975, he agreed to become the manager of the nursing home in consideration for Mr. Cole's agreement to convey the nursing home for $300,000.00. Bradford became the manager on January 19, 1976, and served in that capacity until shortly after this suit was filed. He performed his duties in an admirable fashion. During the spring of 1977, Bradford attempted to purchase the nursing home for $300,000.00, but was advised by Mr. and Mrs. Cole that they would not sell it for that sum.

The existence of an agreement to sell, as well as the terms of any extant agreement, are in dispute. For purposes of this opinion we will assume, without deciding that Bradford proved the existence of a legally binding agreement to convey the nursing home for $300,000.00. Bradford contends that venue should· be maintained in Marion County based on his proof of the venue facts required under Subds. 7, 10 and 14 of Article 1995, Tex.Rev.Civ.Stat.Ann.[1]

The venue facts under Subd. 14 are (1) the nature of plaintiff's claim and (2) the location of the land. These facts are ordinarily proved by the allegations of plaintiff's petition and by evidence showing the location of the land. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954); *Cow-*

1. All statutory references hereafter made are to Article 1995, Tex.Rev.Civ.Stat.Ann., unless otherwise stated.

den v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945). An additional issue is presented for decision at the venue hearing in situations such as this where a defendant alleges in his plea of privilege that certain allegations of plaintiff were fraudulently made for the purpose of maintaining venue in the county of the suit. Batex Oil Company v. LaBrisa Land and Cattle Co., 352 S.W.2d 769 (Tex. Civ.App. San Antonio 1961, writ dism'd); and Gold v. Simon, 424 S.W.2d 32 (Tex.Civ. App. Fort Worth 1968, no writ). The law is well settled in this state that a suit for specific performance of a contract of sale and purchase of land is not within Subd. 14. Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441 (1949). There is a marked difference between an equitable right and an equitable title with regard to a contract for the sale of land, and a purchaser's equitable right under such a contract does not ripen into an equitable title until he has fully performed under the contract. Magee v. Young, 145 Tex. 485, 198 S.W.2d 883 (1946); and Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146 (1941). A suit based upon an equitable right, such as a suit for specific performance of a contract for the sale of land, as distinguished from a suit to recover the equitable title to land, is not a suit for recovery of land or to quiet title to land within the meaning of Subd. 14. Edgar v. Bartek, 507 S.W.2d 831 (Tex.Civ.App. Corpus Christi 1974, writ dism'd), and cases cited therein. Bradford's claim is one to compel specific performance of a contract to convey the land on which the business of the nursing home is operated. He concedes that he does not have a deed to the property and that he does not claim title to the property based upon any statute of limitations. Under these circumstances the trial court did not err in holding that the statutory trespass to try title action was fraudulently brought by Bradford for the purpose of maintaining venue in Marion County.

Bradford next contends that he is entitled to maintain venue in Marion County based upon his proof of the venue facts prescribed by Subd. 10. The controlling venue facts under Subd. 10 are (1) the petition must show that the suit is brought to recover personal property located in the county where the suit is filed, and (2) the plaintiff must prove that the property is located in such county. Walshak v. Walshak, 417 S.W.2d 307 (Tex.Civ.App. Corpus Christi 1967, no writ). Bradford alleges that his agreement with Mr. and Mrs. Cole was for the purchase of a nursing home consisting of both real property and personal property located in Marion County. Bradford's contention that venue should be maintained in Marion County under Subd. 10 will be overruled for the same reasons that his contention under Subd. 14 was overruled. A suit to compel specific performance of a contract to sell personal property will not serve as a basis for sustaining venue under Subd. 10 any more than a suit to compel specific performance of a contract to convey land will serve as a basis for sustaining venue under Subd. 14.

Bradford's final contention is that venue should be maintained in Marion County based upon his proof of the venue facts prescribed by Subd. 7. He avers that actionable fraud was committed by Mr. and Mrs. Cole against him. In essence, he states that Mr. Cole did not intend to perform the obligations imposed upon him by the agreement to convey the nursing home for $300,000.00 at the time the agreement was made. In order to sustain venue under Subd. 7, it is essential to prove that actionable fraud was committed against the plaintiff in the county where the action is brought. Morgan v. Box, 449 S.W.2d 499 (Tex.Civ.App. Dallas 1969, no writ). There is no evidence in the record to substantiate Bradford's claim that actionable fraud was committed in Marion County. On the contrary, Bradford testified that the alleged promise was made at Mr. Cole's home in Collin County. Bradford's contention that venue should be maintained in Marion County based upon his proof of the venue facts prescribed by Subd. 7 is overruled for the reason that there is no proof that any actionable fraud was committed in Marion County.

The judgment of the trial court will be affirmed.

CORNELIUS, C. J., not participating.