Roy E. KIMSEY, Jr., Appellant,

v.

Larry BURGIN, Appellee.

No. 04–89–00239–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 23, 1991.
Rehearing Denied March 15, 1991.

Pat Long Weaver, Michael B. McKinney, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellant.

L.B. Trulove, Jr., Sabinal, for appellee.

Before CADENA, C.J.*, and CARR and STEPHENS, JJ.

## OPINION

STEPHENS, Justice.[1]

This suit was brought by Larry Burgin, Appellee, against Roy E. Kimsey, Jr., Appellant, seeking to recover the unpaid balance of a promissory note given Burgin by Kimsey, and for foreclosure of the collateral security. Summary judgment was granted Burgin for a money judgment, attorney's fees, and foreclosure of Kimsey's interest in two tracts of real estate in Real County, Texas.

On appeal Kimsey brings twelve points of error, contending that the trial court

---

\* Chief Justice Carlos C. Cadena (retired), not participating.

1. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

erred in granting summary judgment in favor of Burgin:

1) because Burgin's interest in the property made the subject of this suit has failed.

2) because there exists a genuine issue of material fact as to whether Burgin's interest in the property made the subject of this suit was ratified after its failure.

3) by granting a right to foreclose its alleged liens when no lien existed.

4) because it applied the incorrect theory of law in determining that Burgin held a security interest with respect to the property made the basis of this suit.

5) disallowing Kimsey's counter-claim for restitution of funds paid by Kimsey to Burgin under the contractual obligations made the basis of this suit.

6) because the trial court erred in failing to grant Kimsey's Motion for New Trial where Kimsey presented newly discovered evidence that Burgin had conducted a non-judicial foreclosure sale covering the property made the basis of this suit.

7) because there was no evidence of consideration from Burgin to Kimsey to support the promissory note and deed of trust made the basis of this suit.

8) because there was insufficient evidence of consideration from Burgin to Kimsey to support the promissory note and deed of trust made the basis of this suit.

9) in the alternative, because there was evidence that the consideration from Burgin to Kimsey supporting the obligation made the basis of this suit failed as a matter of law.

10) in the alternative, because there was a genuine issue of material fact as to whether the consideration from Burgin to Kimsey supporting the contractual obligations made the basis of this suit failed.

11) because there exists a genuine issue of material fact as to the alleged indebtedness of Kimsey to Burgin.

12) because Kimsey was entitled to prevail on his counter-claim and such claim was not barred by the statute of limitations.

## FACTS

In 1979, L.R. French conveyed a tract of land in Real County, known as the Rancho Real to S.O.A.W. Enterprises, Inc., retaining a vendor's lien on the property. S.O. A.W. then subdivided the ranch and conveyed the two tracts of land in question, among others, to C & D Leasing Company, Inc., not by warranty deed, but instead by contracts for deed. C & D then conveyed the two tracts in question to Burgin, by contract for deed.

On May 29, 1981 Kimsey purchased Burgin's interest in the two tracts by accepting an Assignment of Agreement for Deed from Burgin. He executed a promissory note to Burgin in the amount of $74,725.58, and a Deed of Trust to Thad H. Marsh, describing the two tracts of land, as security for the promissory note.

On September 23, 1982, evidently because of financial difficulties, S.O.A.W. Enterprises, Inc., the owner of fee title to the property, conveyed it back to L.R. French, Jr. by general warranty deed, in lieu of foreclosure. Thereafter, on September 23, 1983, L.R. French, Jr. conveyed the property in question to Martin L. Allday, Trustee, by general warranty deed. On August 15, 1984, Allday, conveyed an equitable interest in the property to Kimsey. Later, on January 6, 1983, French executed a document entitled "Ratification and Agreement" to Kimsey which stated that French ratified the Contract for Deed held by Kimsey from S.O.A.W., C & D, and Burgin.

The parties contend that the questions before this court are whether the contract between Kimsey and Burgin was a real estate transaction or a personal property transaction, and the effect of S.O.A.W. Enterprises, Inc.'s reconveyance of the real property title back to French.

The original conveyance from French to S.O.A.W. was a conveyance of real property, by general warranty deed, vesting title in S.O.A.W. S.O.A.W. then sub-divided and conveyed to C & D, by contract for deed, an interest that would ripen into full title only upon the payment of the contract price. Title to the real estate remained vested in S.O.A.W.

## POINT OF ERROR NUMBER ONE

■ Kimsey contends, in his first point, that the trial court erred in granting summary judgment in favor of Burgin because Burgin's interest in the property failed.

We cannot agree with this point of error. Kimsey owned his interest in the property by virtue of an assignment of Burgin's contract for deed, which Burgin had acquired from C & D Leasing, who in turn had acquired its interest in the property by contract for deed from S.O.A.W., the title holder of the property. On September 23, 1982 when S.O.A.W. was experiencing financial difficulties, it entered into a written agreement with French, the original vendor of the property, to reconvey the property to French, which agreement contained the following language:

> Recognizing the validity of French's 1979 liens and the existence of a continuous state of default, S.O.A.W. contacted French and offered to reconvey Rancho Real to French in lieu of the formal foreclosure proceedings available to French. French has accepted S.O.A.W.'s offer.

> \* \* \* \* \* \*

> 3. French agrees to forebear his right to foreclose his liens. In consideration therefor, S.O.A.W. agrees to convey full legal title back to French of the 5,496.641 acres originally constituting Rancho Real less three tracts aggregating approximately 41.475 acres which have been deeded to third-parties previously. S.O.A.W. represents and warrants that no valid liens or encumbrances exist against the property to be reconveyed to French other than the following: (1) a first lien in favor of The Traveler's Insurance Company; (2) French's liens; (3) the equitable claims of the third-parties who have executed Agreements for Deed with S.O.A.W.; and (4) unpaid state and county ad valorem taxes.

> 4. S.O.A.W. agrees to assign its full right, title and interest in and to the approximately 225 Agreements for Deed covering various smaller tracts out of the Rancho Real to French. In consideration therefor, French agrees to honor the obligation of S.O.A.W. under such Agreement for Deed to deliver Warranty Deeds to the third-party purchasers when final payments for the various tracts have been received by French. . . .

The acceptance of this agreement to reconvey the property by French, in lieu of his right to foreclosure, bound French to abide by the terms set forth in the agreement, and accordingly, the reconveyance did not extinguish the rights of Kimsey in the contract for deed which he held. Nor did it extinguish the rights of Burgin in the sale and assignment of his contract for deed from C & D Leasing to Kimsey.

Kimsey's First Point of Error is overruled.

## POINT OF ERROR NUMBER TWO

■ In Point of Error Number Two Kimsey argues that the trial court erred in granting summary judgment because there exists a genuine issue of material fact as to whether Burgin's interest in the property made the subject of this suit was ratified after its failure.

Again, we cannot agree with this point of error. On January 6, 1983, Kimsey and French executed a document styled Ratification and Agreement, containing the following language:

> **WHEREAS,** by General Warranty Deed, dated September 23, 1982, . . . S.O.A.W. Enterprises, Inc., d/b/a Rancho Real, Seller, contracted and agreed to sell to C & D Leasing, Purchaser, and Purchaser contracted and agreed to buy from Seller, the following described land located in Real County, Texas, to-wit:

> Tract No. 317, in Rancho Real, described by metes and bounds. . . .

> at the price and upon the terms set forth therein; the interest of said C & D Leasing in said Agreement For Deed being now owned by Roy E. Kimsey, Jr.; and **WHEREAS,** by that certain Agreement For Deed, dated July 5, 1979, S.O.A.W. Enterprises, Inc., d/b/a Rancho Real, Seller, contracted and agreed to sell to C & D Leasing Co., Inc., Purchaser, and Purchaser contracted and agreed to buy from Seller, the following described land located in Real County, Texas, to-wit:

Tract No. 293, in Rancho Real, described by metes and bounds.... at the price and upon the terms set forth therein; the interest of said C & D Leasing Company, Inc., in said Agreement For Deed being now owned by Roy E. Kimsey, Jr.; and ...

NOW, THEREFORE, in consideration of the premises and other good and valuable considerations, ... L.R. French, Jr. hereby ratifies, confirms and adopts each of the above described Agreements For Deed, and hereby contracts and agrees to sell to the said Roy E. Kimsey, Jr.,.... the land described in each of said Agreements For Deed, at the price and upon the terms set forth therein, to the same extent and for all intents and purposes, as if L.R. French, Jr. had executed each said Agreement For Deed, as Seller.

The said L.R. French, Jr. directs said Roy E. Kimsey, Jr. to continue to make the monthly payments specified in each said Agreement, as therein directed, unless and until he is notified to the contrary by the said L.R. French, Jr....

This document expressly ratified the existing rights of Kimsey in the Contracts For Deed which he acquired from Burgin.

Kimsey's Point of Error Number Two is overruled.

### POINT OF ERROR NUMBER THREE

■ In Point of Error Number Three, Kimsey argues that the trial court erred in granting summary judgment in favor of Burgin granting a right to foreclose its alleged liens when no lien existed.

Kimsey relies on *Flag–Redfern Oil Co. v. Humble Exploration, Inc.*, 744 S.W.2d 6 (Tex.1987), in his argument under Points Number One, Two, and Three to support his position that where a deed in lieu of foreclosure is issued, the rights of intervening purchasers of equitable interests are extinguished. This reliance is misplaced. In *Flag–Redfern* the Court held:

Humble argues the deed from the Scotts to Kocurek was a "deed in lieu of foreclosure", as was found by the court of appeals, and this conveyance cut off the rights of the intervening purchaser, Flag–Redfern. Humble cites *North Texas Building & Loan Association v.*

*Overton,* 126 Texas 104, 86 S.W.2d 738 (1935), and *Karcher v. Bousquet,* 672 S.W.2d 289 (Tex.Civ.App.—Tyler 1984, no writ) for the proposition that a deed in lieu of foreclosure cuts off the rights of intervening purchasers and junior lien holders. Humble also insists this principle is applicable in all situations, whether the potential foreclosure would be based on a vendor's lien or other lien.

Flag–Redfern contends that a conveyance by a mortgagor to a mortgagee, after default of a note secured by a deed of trust, does not operate as a foreclosure and does not cut off the rights of an intervening purchaser.

. . . . .

The court of appeals erred in labeling the Scott to Kocurek deed a "deed in lieu of foreclosure." .... There is no such deed as a deed in lieu of foreclosure. A deed given in satisfaction of a debt may serve as a convenient, efficient transfer of title upon default of a debt. *North Texas Building & Loan Assoc. v. Overton,* 126 Texas 104, 86 S.W.2d 738 (1935).

\* \* \* \* \* \*

It would be unfair to allow parties to make private conveyances, although judicially efficient, to the detriment of unknowing parties by foreclosing their right to bid at a trustee sale; to redeem their interests; to insist on the marshalling of assets' or to set forth the affirmative defense of merger or extinguishment of the debt....

744 S.W.2d at 8, 9.

Kimsey's Point of Error Number Three is overruled.

### POINT OF ERROR NUMBER FOUR

■ In Point of Error Number Four, Kimsey contends that the trial court erred in granting summary judgment in favor of Burgin because it applied the incorrect theory of law in determining that Burgin held a security interest with respect to the property made the basis of this suit.

Burgin argues that the contract for deed is merely an executory contract to pur-

chase land upon the fulfillment of the contract's obligations, and thus, it is personal property until such time as it ripens into real estate ownership, and therefore is governed by TEX.BUS. & COM.CODE ANN. Chapt. 9 (Vernon 1968). On the other hand, Kimsey argues that under an executory contract to purchase land, the purchaser acquires an equitable title to the realty which is not "security interest," citing *City of Garland v. Wentzel*, 294 S.W.2d 145 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.). In *Wentzel*, the court held:

> It is well settled that the purchaser under an executory contract of sale acquires equitable title to the realty; having the exclusive right to sue for damages to the freehold. Thus in *Leeson v. City of Houston*, Tex.Com.App., 243 S.W. 485, 488, the Court stated: "By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, form the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him." *See also Rives v. James*, Tex.Civ.App., 3 S.W.2d 932; *Ingram v. Central Bitulithic Co.*, Tex. Civ.App., 51 S.W.2d 1067; *Dimmitt Elevator Co. v. Carter*, Tex.Civ.App., 70 S.W.2d 615. . . .

294 S.W.2d at 147.

In a later case, *Furman v. Sanchez*, 523 S.W.2d 253 (Tex.Civ.App.—San Antonio 1975, no writ), this Court held:

> Under the generally accepted rule in the United States, a purchaser, under an executory contract to purchase land acquires equitable title to the land at the time of the execution contract. Early Texas cases made a distinction between equitable rights and equitable title with regard to such contracts. It was held

that a purchaser under such contract had only an equitable right so long as the purchase price remained unpaid, and he could not resist his seller's action for possession. On the other hand, when the purchaser had fully complied, he obtained equitable title and could demand a conveyance from a vendor. *Hemming v. Zimmerschitte*, 4 Tex. 159 (1849). Subsequent cases have not always followed this early distinction. The Commission of Appeals held in 1922 that the vendee of a contract of purchase, especially where he goes into possession of the property, is vested with the equitable title from the date of the contract, or in any event from the date he takes possession. *Leeson v. City of Houston*, 243 S.W. 485 (Tex.Comm'n App.1922, judgment adopted). . . . Whether speaking in terms of equitable right or equitable title, the Texas cases have generally given to the purchaser all the rights and incidents of title usually accorded to the holder of full equitable title in other states.

523 S.W.2d at 256–57.

Burgin additionally argues that TEX. BUS. & COM.CODE ANN. § 1.201(37) (Vernon Supp.1989) governs. The Texas Business and Commerce Code defines a security interest as one in personal property. TEX.BUS. & COM.CODE § 1.201(37) (Vernon Supp.1990). The Code further states in Chapter 9 that: "This chapter does not apply . . . except to the extent that provision is made for fixtures in Section 9.313, to the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder . . ." TEX.BUS. & COM.CODE ANN. § 9.104(10) (Vernon Supp.1990). In *Huddleston v. Texas Commerce Bank–Dallas*, 756 S.W.2d 343, 347 (Tex.App.—Dallas 1988, writ denied) in addressing the Business and Commerce Code, the Court held: "Chapter 9, however, does not apply to the creation or transfer of an interest in or lien on real estate . . ."

When Kimsey purchased his interest in the two tracts in question, he secured the promissory note which he gave Burgin as payment for the land, with a lien on his

rights in the contract. Thus we conclude, that Kimsey's interest was an interest in land, and was not governed by the Texas Business and Commerce Code, and that the trial court was right in granting judgment of foreclosure of the lien in favor of Burgin by reason of non-payment of the note by Kimsey.

Kimsey's Point of Error Number Four is overruled.

## POINT OF ERROR NUMBER FIVE

In Point of Error Number Five, Kimsey argues that the trial court erred in granting summary judgment in favor of Burgin disallowing Kimsey's counter-claim for restitution of funds paid by Kimsey to Burgin under the contractual obligations made the basis of this suit.

Under this point, Kimsey argues that because of complete failure of consideration, Burgin had no right to retain the funds he had previously paid because Burgin's interest failed. He contends that the trial court should have allowed the case to proceed and should have ordered a rescission of the contract and restitution of funds paid as a result of failure of consideration.

As we pointed out in Point of Error Numbers One and Two, Kimsey's interest in the property was not extinguished when the reconveyance was executed, thus there was no failure of consideration for the promissory note executed by Kimsey to Burgin.

Kimsey's Point of Error Number Five is overruled.

## POINT OF ERROR NUMBER SIX

■ In Point of Error Number Six, Kimsey argues that the trial court erred in failing to grant Kimsey's Motion for New Trial where Kimsey presented newly discovered evidence that Burgin had conducted a non-judicial foreclosure sale covering the property made the basis of this suit.

Kimsey relies on *Houston Sash & Door Co., Inc. v. Davidson*, 509 S.W.2d 690 (Tex. Civ.App.—Beaumont 1974, writ ref'd n.r. e.), for the proposition that the non-judicial foreclosure of Burgin constituted an election of remedies, and waived his rights under this suit. We disagree with Kimsey. Although the record discloses that Kimsey did file a Motion for New Trial, making allegations of a non-judicial foreclosure sale, we find no record of a hearing on the Motion for New Trial, thus the validity of any alleged foreclosure sale is not before this court.

Point of Error Number Six is overruled.

## POINTS OF ERROR NUMBER SEVEN, EIGHT AND NINE

■ In Points of Error Number Seven, Eight and Nine Kimsey argues that the trial court erred because there was no evidence, or insufficient evidence of consideration from Burgin to Kimsey to support the promissory note and deed of trust made the basis of this suit, and that the original consideration for the promissory note failed as a matter of law.

These points of error are without merit. Without detailed discussion, we hold that there was adequate consideration for the original promissory note from Kimsey to Burgin, and that as pointed out in Points of Error Two and Three, Kimsey's interest was not extinguished by the reconveyance of the land.

Points of Error Seven, Eight, and Nine are overruled.

## POINT OF ERROR NUMBER TEN

Under Point of Error Number Ten, Kimsey argues that there were genuine issues of material fact as to whether consideration flowing from Burgin to Kimsey failed.

We have previously held that consideration did not fail.

Kimsey's Point of Error number Ten is overruled.

## POINT OF ERROR NUMBER ELEVEN

■ Under Point of Error Number Eleven, Kimsey argues that the trial court erred in its entry of summary judgment because there were genuine issues of mate-

rial fact as to the alleged indebtedness of Kimsey to Burgin.

Kimsey's argument appears to be that the trial court erred by its failure to grant Kimsey's Motion for New Trial predicated on the allegation therein that Burgin had sold the property at a non-judicial foreclosure for the sum of $50,0000.00 for which credit had not been given on the note. We find that Kimsey did file a Motion for New Trial, making allegations of a non-judicial foreclosure sale, but we find no record of a hearing on the Motion for New Trial. Since Kimsey's argument under this point does not comport with his point of error, and since there is no evidence in the record to support his argument, Kimsey's Point of Error Number Eleven is overruled.

POINT OF ERROR NUMBER TWELVE

Kimsey contends, in Point of Error Number Twelve, that the trial court erred in granting summary judgment in favor of Burgin because Kimsey was entitled to prevail on his counterclaim and such claim was not barred by the statute of limitations.

Kimsey contends that the trial court incorrectly applied the two year statute of limitations set forth in TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986), because the section applies to personal injuries and torts. However, we need not address this argument because we have held in Point of Error Number Five that consideration did not fail, and thus restitution is not available. Point of Error Number Twelve is overruled.

The judgment of the trial court is affirmed.