**In re Mike FINLEY, Debtor.**

**Bankruptcy No. 91–90206.**

United States Bankruptcy Court,
E.D. Texas,
Lufkin Division.

March 17, 1992.

Thaddeus Freeman, Jones & Associates, Arlington, Tex., for debtor Mike Finley.

Michael Gazette, Ramey, Flock, Jeffus, Crawford, Harper & Collins, Tyler, Tex., for John W. Wingate, Jerry L. Wingate, Stephen S. Hutchison and Lloyd Gillespie.

Gary Offerman, Williams, Baird, Offerman & Giblin, P.C., Beaumont, Tex., for Commercial Nat. Bank in Nacogdoches.

OPINION

DONALD R. SHARP, Bankruptcy Judge.

Comes now before this Court the Motion of John W. Wingate, Jerry L. Wingate, Steven S. Hutchison and Lloyd Gillespie, hereinafter referred to as ("Movants"), to Compel Assumption or Rejection of Executory Contract pursuant to regular setting. At the time of the regularly scheduled hearing, the matter was taken under advisement. Subsequently, the Court conducted hearings on the Motion of Commercial National Bank in Nacogdoches, hereinafter referred to as ("CNB"), for Relief from the Automatic Stay and on Debtor's disclosure statement. The Court took evidence on both matters with the understanding that this Court's decision pertaining to the Motion to Compel Assumption or Rejection of Executory Contract would be dispositive of both CNB's motion to lift the automatic stay and Debtor's disclosure statement. Accordingly, the latter two matters were also taken under advisement. This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052 and disposes of all the issues presented to the Court.

FACTUAL AND PROCEDURAL BACKGROUND

The material facts are not disputed. On December 30, 1988, Movants, as sellers, and Debtor, as buyer, entered into a contract for deed covering certain property located in the city of Nacogdoches, Nacogdoches County, Texas, hereinafter referred to as ("Subject Property"). According to the terms of the contract for deed, the Debtor became obligated to pay to Movants the sum of $444,940.95. While the original contract for deed specified that the final payment was to be received on or before December 30, 1990, a subsequent agreement entered into by the parties extended this time to March 1, 1991.

On February 27, 1991, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. As of the date of the filing of the petition, Debtor was obligated

to pay, pursuant to the terms of the contract for deed, the sum of $317,440.95. On May 21, 1991, Movants filed a motion to compel Debtor to assume or reject the contract for deed. It is the opinion of Movants that a contract for deed is, under Texas law, an executory contract, the assumption or rejection of which is governed by 11 U.S.C.A. § 365(d)(2).[1]

Debtor disputes that a contract for deed is an executory contract under the laws of the State of Texas. Debtor maintains that a contract for deed is the equivalent of a mortgage and should be dealt with as such. Accordingly, the contract for deed should be treated as a security device requiring foreclosure under applicable state law.

This Court agrees that the status of a contract for deed under the laws of the State of Texas is dispositive. If this Court finds that a contract for deed is an executory contract, Debtor will be required to promptly cure all defaults which in this case is the unpaid balance remaining due on the contract for deed.[2] Debtor is candid that he does not have the resources to accomplish this cure. However, if the Court were to find that the contract for deed should be treated like a mortgage, Debtor will be able to propose a plan of repayment without regard to the term of the contract for deed. Through this mechanism, the Debtor hopes to avoid losing any equity which he maintains that he owns in the property.

CNB's involvement in this case stems from its role as a creditor holding a secured interest in Movants' subject property. At the present, Movants have been unable to service the monthly installments of principal and interest on the promissory note between Movants and CNB. However, due to the unsettled disposition of the subject property, CNB now requests that should this Court find that the contract for deed is executory that CNB be granted relief from the automatic stay in the event

the arrearage on the contract for deed is not cured. Correspondingly, the heart of Debtor's disclosure statement pertains to a scenario through which Debtor is allowed to pay the principal balance remaining on the contract for deed over a period of time. Should this Court rule that the contract for deed is executory, and should Debtor be unable to cure the arrearage on the contract for deed, Debtor will be required to revise his disclosure statement.

## DISCUSSION OF LAW

The definition and effect of a contract for deed is governed by the laws of the State of Texas. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re: Waldron*, 65 B.R. 169, 170–171 (Bankr.N.D.Tex.1986). In this case, after a review of relevant Texas law, this Court can come to no other conclusion but that a contract for deed is an executory contract under Texas law.

The seminal case in modern Texas jurisprudence on this issue is *Johnson v. Wood*, 138 Tex. 106, 157 S.W.2d 146 (Tex.Comm'n App.1941, opinion adopted). In *Johnson*, the court found that a purchaser of an executory contract possesses only an equitable right to consummation of that contract upon performance, i.e., full payment under the terms of the contract. At the time of performance "that [equitable right] ripen[s] into an equitable title ..." *Id.* at 148. As explained by the court in *In re: Waldron*, 65 B.R. 169, 173 (Bankr.N.D.Tex. 1986) until a purchaser under a contract for deed fully performs, the only interest that the purchaser possesses is "his right to perform under the contract." Unfortunately for Debtor, the holdings of these courts put Debtor in an unenviable Catch–22 situation. For Debtor to obtain any interest in the subject property beyond a mere equitable right, Debtor must fully perform under the contract for deed. In

---

**1.** In a case under chapter 9, 11, 12 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan, but the court, on the request of any party

to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

**2.** 11 U.S.C.A. § 365(b)(1).

this case, this would require Debtor to cure the unpaid principal balance of the contract pursuant to § 365 of the Code. This cure must be prompt and may not be made in the context of a plan of reorganization—Debtor has already testified that he lacks the funds to accomplish such a cure. The holding in *Johnson* has been precedent in Texas for over 50 years and has been followed by numerous courts. *Clinton Park Dev. v. Commissioner*, 209 F.2d 951, 953 (5th Cir.1954); *In re: Rancho Chamberino, Inc.*, 89 B.R. 597, 600 (W.D.Tex.1987); *In re: Waldron*, 65 B.R. 169, 173–174 (Bankr.N.D.Tex.1986); *In re: Onley*, 48 B.R. 891, 894 (Bankr.N.D.Tex.1985); *Magee v. Young*, 145 Tex. 485, 198 S.W.2d 883, 886 (1946); *Texas American Bank/Levelland v. Resendez*, 706 S.W.2d 343, 345 (Tex.App.–Houston [7th Dist.] 1986, no writ); *Guzman v. Acuna*, 653 S.W.2d 315, 319 (Tex.App.–San Antonio [4th Dist.] 1983, writ dism'd w.o.j.); *Neeley v. Intercity Management Corp.*, 623 S.W.2d 942, 951 (Tex.App.–Houston [1st Dist.] 1981, no writ); *Jensen v. Bryson*, 614 S.W.2d 930, 933 (Tex.Civ.App.–Amarillo 1981, no writ); *Bradford v. Cole*, 570 S.W.2d 171, 174 (Tex.Civ.App.–Texarkana 1978, writ dism'd w.o.j.); *Atkins v. Carson*, 467 S.W.2d 495, 499 (Tex.Civ.App.–San Antonio 1971, no writ).

Debtor has referred this Court to the recent case of *Kimsey v. Burgin*, 806 S.W.2d 571 (Tex.App.–San Antonio 1991, writ denied). In *Kimsey*, the court held that a purchaser under a contract for deed is vested with equitable title from the day of the contract. *Id.* at 576. Under this holding, Debtor would be able to treat his contract for deed as a security instrument. However, this Court does not find the holding in *Kimsey* to be convincing.

The *Kimsey* holding is premised on the holding of *Leeson v. City of Houston*, 243 S.W. 485 (Tex.Comm'n App.1922, judgm't adopted). In *Leeson*, the court held that: "by the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale

until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him." *Id.* at 488. The other cases cited in support of the court's holding in *Kimsey* are also based on the *Leeson* holding.[3] However, the Court finds the precedential value of *Leeson* and its progeny to be questionable.

Both *Johnson* and *Leeson* were decided by the Texas Commission of Appeals, an adjudicative body formed to alleviate the workload of the higher courts of the State of Texas. *See* Texas Law Review, *Texas Rules of Form*, chap. 5 at pp. 9–11 (7th ed. 1990). The precedential value of a case decided by the Texas Commission of Appeals depends on whether the opinion issued was adopted, the holding was approved, or the judgment was adopted by the Supreme Court of the State of Texas. If an opinion was adopted it is treated precedentially as having the full authority of a Texas Supreme Court decision. *Id.* However, in the latter two cases the precedential scope of a Commission of Appeals opinion is more limited. The approval of a holding "signifies that the court approved the judgment and adopted each specific holding of the Commission, but did not necessarily approve its reasoning." *Id.* The adoption of a judgment of the Commission "indicates that the court approved neither specific holdings nor reasonings of the Commission." *Id.*

In *Johnson*, the opinion of the Commission was adopted by the Supreme Court of the State of Texas and has the same force and effect as having been issued by that body. On the other hand, in *Leeson*, the Texas Supreme Court merely adopted the Commission's judgment without regard for the Commission's holding or reasoning.

---

3.  *Furman v. Sanchez*, 523 S.W.2d 253, 256 (Tex. Civ.App.–Houston [1st Dist.] 1975, no writ) and

*City of Garlan v. Wentzel*, 294 S.W.2d 145, 147 (Tex.Civ.App.–Dallas 1956, ref'd n.r.e.).

This Court notes that neither the *Kimsey* case nor the cases cited as support by the *Kimsey* court address the holding in *Johnson.* Furthermore, this Court notes that the holding in *Johnson* was reached approximately 20 years after the holding in *Leeson.* To the extent that there is a conflict, this Court can come to no other conclusion than that the holding in *Johnson* implicitly overrules the holding in *Leeson.* Accordingly, this Court finds that *Johnson* is the controlling precedent standing for the proposition that a contract for deed is executory under the laws of the State of Texas and that a purchaser under a contract for deed possesses only an equitable right under the contract instead of an equitable title.

For the preceding reasons, it is the opinion of this Court that the Motion to Compel Assumption or Rejection of Executory Contract is GRANTED. Debtor is given 20 days from the entry of this order on the Court's docket to accept or reject the contract for deed. Upon failure to do so, the contract for deed will be deemed rejected. Furthermore, for the reasons previously stated, this Court now finds that the Motion of CNB, pursuant to the reasons previously given, demonstrate cause to lift the automatic stay pursuant to § 362(d)(1), and accordingly, the Motion is GRANTED, providing that CNB will not proceed against the property until such time as the contract for deed is either accepted by the Debtor or deemed rejected. Finally, this Court's ruling will necessitate a revision of Debtor's disclosure statement. Accordingly, Debtor's disclosure statement is DENIED.