**In re Vincent Frank VON KEISLER and Cynthia Ann Von Keisler, Debtors.**

**Bankruptcy No. 393–37998–HCA–13.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

May 3, 1994.

Joe Weis, Greenville, TX, for movants.

Vernon Johnson, The Law Offices of Johnson & Johnson, P.C., Dallas, TX, for debtors.

Charles L. Kennon III, Office of the Standing Chapter 13 Trustees, Fort Worth, TX.

Mary Fran Durham, Office of the United States Trustee, Dallas, TX.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION FOR ORDER FIXING TIME WITHIN WHICH ESTATE MUST ASSUME OR REJECT EXECUTORY CONTRACT

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came on for hearing on the 4th day of April, 1994, the Motion for Order Fixing Time Within Which Estate Must Assume or Reject Executory Contract ("Motion"), filed by Bobby J. Crowell, James Scott Crowell, and Robert John Crowell, d/b/a Hidden Oaks Estates ("Movants"). The Court took the matter under advisement and today renders these mixed findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.

The pertinent facts are simple and undisputed. Vincent Frank Von Keisler and Cynthia Ann Von Keisler, Chapter 13 debtors ("Debtors"), are vendees under a contract for deed ("Contract") for the purchase of the Debtors' homestead. As of the date of the Debtors' bankruptcy filing, December 1, 1993, the Debtors had accumulated a prepetition arrearage of $3,444.56 under the Contract. The Debtors propose to pay this arrearage, plus 10% annual interest, over 48 months through their Chapter 13 plan.

The Movants argue that the Contract is executory within the meaning of 11 U.S.C. § 365 and that, accordingly, the Debtors must assume or reject the Contract. Assumption of the Contract would mean that the Debtors would be required to promptly "cure" (pay off) the default; compensate the Movants for any "actual pecuniary loss" resulting from the default (e.g., attorney's fees);

and provide "adequate assurance of future performance" under the Contract. *See* 11 U.S.C. § 365(b)(1). The Movants request an order from the Court fixing a deadline by which the Debtors must decide whether to assume or reject the Contract. *See* 11 U.S.C. § 365(d)(2).

The only disputed issue is one of law, *i.e.*, whether the Contract is, in fact, an executory contract governed by § 365. The Court adopts the sound reasoning of Judge Akard in *In re Waldron*, 65 B.R. 169 (Bankr. N.D.Tex.1986), and Judge Sharp in *In re Finley*, 138 B.R. 181 (Bankr.E.D.Tex.1992), and concludes that (1) under Texas law, the Contract is executory, and (2) the requirements of 11 U.S.C. § 365 apply to the Contract in this Chapter 13 case.

The Court will issue an order fixing the deadline within which the Debtors must assume or reject the Contract.